**In re Edward C. HANKINS, Christine B. Hankins, P.O. Box 188, Tazewell, Va. 24541, Debtors.**

**Bankruptcy No. 7–86–00569–A.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

July 1, 1986.

Bess & Krippendorf, Roanoke, Va., for debtors.

James E. Nunley, Bristol, Va., Trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is confirmation of the Debtors' Chapter 13 Plan and whether the standing Trustee's statutory percentage fee and expenses of Section 1302(e) are to be charged against disbursements made by the debtor as well as by the Trustee.

The relevant facts are as follows. The Debtors, Edward C. Hankins and Christine B. Hankins, filed their Chapter 13 petition on April 15, 1986. Thereafter, the Debtors filed their Chapter 13 Plan which proposed payment of $125.00 per month to the Trustee for sixty months for 100% repayment of unsecured creditors. The Plan further provides for the Debtors to make all payments to secured creditors "outside the Plan." The secured creditors and proposed monthly payments are as follows:

| | | |
|---|---|---|
| Greentree Acceptance | $386.00 | Mobile Home |
| Ashland Finance | 100.00 | Household Furniture |
| Citizens Bank | 422.00 | Car & Truck Payments |
| Richlands National Bank | 264.00 | Ex-wife's Car Payment |

At the Section 341 Meeting, the Trustee indicated that the Plan would be improved and more feasible, and that he would recommend confirmation provided that all payments to secured creditors would be made by the Trustee except the residential home mortgage to be paid by the Debtors. Following hearing on the issue, the matter was taken under advisement for determination.

Briefly stated, the amount of the Trustee's fees and expenses is at the heart of the controversy. Counsel for the Debtors contends that if the Debtors are entitled to make payments to the secured creditors "outside the Plan", such payments, not being provided for in any way by the Plan, are not subject to the Trustee's statutory fee prescribed by 11 U.S.C. Section 1302(e). The Trustee contends that under the Plan as proposed and as proposed to be modified, all payments are made under the Plan whether made directly by the Debtors or Trustee and are subject to the statutory percentage fee and expenses.

Chapter 13 of the *Bankruptcy Code* provides debtors with an alternative to straight liquidation under Chapter 7. It allows qualified individuals with regular income [1] to file a Plan proposing repayment of debts over an extended period of time out of future income under supervision of the Bankruptcy Court and standing Chapter 13 Trustee. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 118 (1977).

Congress, by enacting the *Bankruptcy Reform Act* of 1978 (Code), intended to set up a self-funding Chapter 13 standing Trustee system to administer the cases filed. It greatly broadened and liberalized the provisions of Chapter 13. New to the Code were the cram-down provisions of Section 1322 and the stay of co-debtor under Section 1301. The Trustees' powers and duties were substantially enlarged under Section 1302. Individuals engaged in small businesses as well as wage earners have the system available to them. *See In re Thacker*, 6 B.R. 861 at 866 (Bankr.W.D. Va.1980).

Section 1326 deals with payments in Chapter 13 cases and, in subsection (c), provides "except as otherwise provided in the Plan or in the order confirming the Plan, the Trustee shall make payments to creditors under the Plan." The language

1. Under 11 U.S.C. Section 109(e):

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

11 U.S.C. Section 101(27) provides:

"Individual with regular income" means individual whose income is sufficiently stable and regular to enable such individual to make payments under a Plan under Chapter 13 of this title, other than a stockholder or a commodity broker.

of Section 1326(c) and the legislative history makes clear that the Chapter 13 Trustee will normally serve as the disbursing agent of payments under the Plan. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 430 (1977); S.Rep. No. 95–989, 95th Cong., 1st Sess. 142 (1978), U.S.Code Cong. & Admin.News (1978), p. 5787, 5928. The rationale for this method of payment is that it is primarily the Trustee's duty to ensure that payments are made under the Plan and to supervise execution of the Plan. *In re Case*, 11 B.R. 843, 846 (Bankr.D.Utah 1981).

However, Section 1326(c) leaves open the possibility that the Plan may provide or the court may order an entity other than the Trustee to make payments under the Plan. As one court has suggested, such an alternative might be appropriate in the case of a Chapter 13 case commenced by a business debtor where established practices are already in existence for disbursement to creditors. *See In re Case, supra,* at 846. Moreover, it may be appropriate for a debtor to continue making payments directly to a creditor holding the mortgage on the debtor's home since the debtor usually will still be making payments on the debt after the Plan has expired. *See In re Hines*, 7 B.R. 415, 421 (Bankr.D.S.D.1980).

Section 1326(b) provides:

"Before or at the time of each payment to creditors *under the Plan,* there shall be paid—

(1) any unpaid claim of the kind specified in Section 507(a)(1) of this title; and

(2) if a standing Trustee appointed under Section 1302(d) of this title is serving in the case, the percentage fee fixed for such standing Trustee under Section 1302(e) of this title." (emphasis added)

Section 1302(e) provides for compensation of Chapter 13 Trustees and states in relevant part:

"(1) A court that has appointed an individual under subsection (d) of this section to serve as standing trustee in cases under this chapter shall set for such individual—

(A) a maximum annual compensation, not to exceed the lowest annual rate of basic pay in effect for grade GS–16 of the General Schedule prescribed under section 5332 of title 5; and

(B) a percentage fee, not to exceed ten per cent, based on such maximum annual compensation and the actual, necessary expenses incurred by such individual as standing trustee.

(2) Such individual shall collect such percentage fee *from all payments under plans* in the cases under this chapter for which such individual serves as standing trustee..." (emphasis added)

Under Section 1302(e), the Chapter 13 Trustee shall receive a salary not in excess of the basic pay for Grade GS–16 of the General Salary Schedule [2], and a percentage fee not in excess of 10% "based on such maximum annual compensation and the actual, necessary expenses incurred by the Trustee." Section 1302(e)(1)(B). This percentage fee is to be collected from "all payments under Plans" in Chapter 13 cases.

The central question in this case is whether the Debtors' proposed payments to the secured creditors "outside the Plan" are in fact payments "under the Plan" under Section 1326(b) or payments "under Plans" within the meaning of Section 1302(e) such that they are subject to the statutory percentage fee.

Resolution of this issue requires consideration of what is meant by the phrase "outside the Plan." The Debtors contend that payment of the secured claims are "outside the Plan" in that they are not dealt with by the terms of the Plan at all and, therefore, are not subject to the statutory fees. The Trustee contends that the payments are only "outside the Plan" in

**2.** 5 U.S.C. Section 5532.

the sense that the Debtors are acting as the disbursing agent.

The phrase "outside the Plan" is a holdover from former Chapter XIII of the *Bankruptcy Act* of 1898, as amended, which required as a condition to confirmation that "secured creditors whose claims are dealt with by the Plan" had to accept the Plan.[3] In order to avoid the potential problem of a secured creditor rejecting a Plan and thus barring confirmation, such creditors were not dealt with by the Plan but treated "outside" the Plan.

Under the current *Bankruptcy Code*, the debtor no longer must obtain acceptance of secured creditors whose claims are dealt with by the Plan. Rather, Section 1325(a)(5)(B) and (C)[4] outline two alternative ways of dealing with such claims and still allowing confirmation. The term "outside the Plan" does not appear in the provisions of Chapter 13 of the *Bankruptcy Code*. However, it has continued to be used loosely in common parlance, often, as the Trustee suggests, to denote those payments to be made by the debtor rather than by the Trustee.

In *In re Foster*, 670 F.2d 478 (5th Cir. 1982), *rev'g* 9 B.R. 482 (Bankr.S.D.Tex. 1981), the Fifth Circuit Court of Appeals undertook a thorough discussion of the phrase "outside the Plan" and considered both of the interpretations advocated by counsel for the Debtors and the Trustee in the instant case. In *Foster*, the debtor's Plan proposed payment of the first and second mortgage payments "outside the Plan", while payment of arrearages on the debts was to be "inside the Plan". The court recognized that pursuant to Section 1326(b), the debtors may act as disbursing agents of funds. 670 F.2d at 486. Moreover, the court stated that some fully secured claims, such as fully secured mortgage claims, may in some limited instances be dealt with "outside the Plan." *Id.* at 488, 489. The court then addressed what it considered to be the "motivating issue" in the case—whether such payments are to be included in computation of the Trustee's percentage fee.

The Fifth Circuit ultimately rejected the debtor's contention, advocated by the Debtors in the instant case, that direct payments to the secured mortgagor are not to be included in the computation of the Trustee's percentage fee under Section 1302(e). *Id.* at 491. In determining what payments are subject to the fee, the court stated that it must look to the actual treatment of the claims and not the semantic treatment. *Id.* at 493. By "... providing that the current mortgage payments would be made 'outside the plan' they [the debtors] were merely providing that they would act as the disbursing agent for these payments, under the plan..." *Id.* at 490. As such, the court concluded that Section 1302 dictated that the percentage fee be collected from those payments as to which the debtor serves as disbursing agent. *Id.* at 491.

In support thereof, the Fifth Circuit cited *In re Case, supra,* in which the Utah Bankruptcy Court concluded that direct payment by the debtor of a secured claim was subject to the Trustee's statutory fee.

"... When a secured claim is provided for in the Plan, whether it is paid directly by the debtor, or through the Trustee, the payments are being made pursuant to the Plan and thus under the Plan. Those payments are then subject to the Trustee's statutory fee. *Just because the debtor is making the payments di-*

---

**3.** *See* Section 652 (former 11 U.S.C. Section 1052) of the *Bankruptcy Act.*

**4.** 11 U.S.C. Section 1325(a) provides, in relevant part, "except as provided in subsection (b), the court shall confirm a Plan if—...
   (5) with respect to each allowed secured claim provided for, the Plan—
   (A) The holder of such claim has accepted the Plan;

   (B)(i) The Plan provides that the holder of such claim retain the lien securing such claim; and
   (ii) The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or
   (C) The debtor surrenders the property securing such claim to such holder;

*rectly will not make the payments ones which are made 'outside' the Plan.* Rather, *where* it is clear, as in the present case, that *the secured claims are being provided for under the Plan, payment of those claims pursuant to the Plan by any method, will subject those payments to the percentage fee of the Trustee.*" 11 B.R. at 846. (footnote omitted) (emphasis added)

This result is consistent with the holding reached in *In re Centineo,* 4 B.R. 654 (Bankr.D.Neb.1980), where the court stated:

> "While it is true that 'under' the Plan, the debtor may make payments either to the Trustee or directly to creditors, the language of this statutory provision [11 U.S.C. Section 1326(b) ] provides for a fee to be paid to the standing Trustee in either case. The result is whichever method of payment to creditors is chosen, the Trustee will receive his percentage fee."

*See* also *In re Hines, supra,* at 421.

■ In light of the authority presented, we decline, as the Fifth Circuit did in *Foster,* to accept the Debtors' construction of the payments as "outside of the Plan." We conclude that even though the Debtors propose to make disbursements directly to the secured creditors, such payments are nonetheless payments "under the Plan" in the sense that they are dealt with by the Plan and, accordingly, are subject to the statutory fee of Section 1302(e). We believe that this result is further supported by the provisions of Section 1302(b), which outlines the Trustee's duties, and Section 1322(a)(1), which provides for submission of all or a portion of the debtor's future income to the supervision and control of the Trustee for execution of the Plan.

Moreover, as recognized by the court in *In re Blevins,* 1 B.R. 442, 443 (Bankr.S.D.

Ohio 1979), which considered a proposed payment to a creditor "outside" the provisions of the Plan, the legislative history does not indicate Congressional approval for excluding secured creditors from a Chapter 13 Plan. The provisions of the new *Bankruptcy Code* give debtors the full opportunity to deal with *all* creditors and all matters affecting a bankruptcy proceeding. Thus, the *Blevins* court concluded that "all claims should, and perhaps must, be treated within the terms of a proposed Plan, unless substantial justification is provided for exclusion of a claim from the Plan provisions." *Id.* at 444.

Were we to accept the Debtors' construction that payments made directly to secured creditors were not part of the Plan, we would risk the result envisioned by the Bankruptcy Court in *Hines, supra,* at 420, of "a precedent that intelligent counsel will soon follow to avoid paying the Trustee." Debtors' attorneys would invariably formulate Chapter 13 Plans in which the Debtors would make as many direct payments as possible to creditors and make only a nominal payment to the Trustee on which his statutory commission would be based.[5] The result, as noted in *Hines,* would be "to undermine the Chapter 13 Trustee system established by Congress since no capable Trustee is going to perform work without adequate compensation" and undertake the duties and responsibilities placed upon his office. 11 B.R. at 421. The debtors in such a situation would enjoy all the benefits of Chapter 13 bankruptcy protection without utilizing its statutory provisions. Such a result would be contrary to the purpose of Chapter 13 in providing a court-supervised system of individual rehabilitation and repayment of debt.

The decision we reach today will ultimately inure to the benefit of all debtors. As the Fifth Circuit recognized in *Foster,*

---

5. The debtor, for example, could have a total indebtedness, secured and unsecured, of $100,-000 and propose to pay the overwhelming majority of these debts directly to the creditors, with a payment to the Trustee of perhaps only $20.00 a month for the duration of the Plan for the remaining creditors. Under the position advocated by counsel for the Debtors, the statutory percentage fee would be assessed only on this small amount paid to the Trustee. Although an extreme example, this scenario shows the potential inequity in depriving the Chapter 13 Trustee of fees to which he is statutorily entitled in administration of the Plan.

Congress left much discretion in the Bankruptcy Court with respect to computation of the Trustee's fee under Section 1302(e). 670 F.2d at 491. The ten per cent figure in Section 1302(e)(1)(B) is a maximum percentage, and a smaller percentage may be assessed where the court deems it appropriate. *See* also *In re Hines, supra,* at 421 (Bankruptcy Court has authority to make an appropriate adjustment of Trustee's percentage fee). As more payments are available over time on which the statutory percentage fee is based, the standing percentage fee assessed against those amounts may correspondingly be decreased. Thus, over time, the amount assessed against each individual debtor will be smaller and a fairer system will emerge.

Accordingly, for the reasons expressed herein, the Debtors' application to make payment to secured creditors "outside the Plan" is denied. The Order of Confirmation tendered by the Trustee will be entered as modified.

■ Further, we hold that commencing July 1, 1986, the statutory fee prescribed by Section 1302(e) shall be assessed and collected from "all payments under Plans" whether such payments are made by the debtors or the Trustee as disbursing agent, except in instances where the Court orders otherwise on proper motion of the debtor. Presumptively, all payments are considered to be under the Plan and addressed by its provisions. The burden is on the debtor to show that they are not.

■ The terms "inside" and "outside" the Plan may be an inviting shorthand to denote whether payments are to be made by the Trustee or the debtor; however, they are misleading and have no place under the *Bankruptcy Code.* Chapter 13 Trustees are hereby directed that future Confirmation Orders tendered to the Court shall not utilize such terminology, but indicate whether the debtor or Trustee shall be the disbursing agent.

An appropriate Order will be entered.