**In re Donald E. YOUNG and Marianne Young, Debtors.**

**Bankruptcy No. 84–367.**

United States Bankruptcy Court,
D. New Hampshire.

June 25, 1987.

Thomas Morgan, Salem, N.H., for debtors.

Nancy Michels, Londonderry, N.H., trustee.

Mark Tully, U.S. trustee.

### ORDER ON OBJECTION TO TRUSTEE'S FINAL ACCOUNTING

JAMES E. YACOS, Bankruptcy Judge.

This case came before the court for hearing on February 10, 1987 on a separate motion by the debtors to withdraw their chapter 13 petition in bankruptcy. The debtors for their own reasons do not wish to have a bankruptcy discharge and seek dismissal of the case even though they apparently have repaid in full all of their creditors. No party objected to the dismissal and the court by separate order has granted the debtors' motion and ordered that the case be dismissed.

At the same time the debtors filed an objection to the trustee's final accounting disputing the trustee's calculations that her statutorily prescribed percentages for fees and expenses should include payments

relating to the pay-off of a mortgage lien against the debtors' property. The debtors contend that since these payments were made "outside the plan" the trustee is not entitled to the statutory percentages claimed. The law however is to the contrary. *Matter Of Foster, Jr.,* 670 F.2d 478, 6 CBC2d 285 (5th Cir.1982). No contrary authority in the First Circuit is cited and I find the *Foster* decision and reasoning persuasive. See also, *In re Case,* 11 B.R. 843, 4 CBC2d 978 (Bankr.D.Utah, 1981), and the explanation of the unique considerations underlying compensation of a standing chapter 13 trustee, under the pertinent statutes, as set forth by then District Judge Selya in the case of *In re Savage,* 67 B.R. 700 (D.R.I.1986).

Accordingly, the debtors' objection to the trustee's final accounting is hereby denied and the aforesaid final accounting filed by the trustee on June 4, 1986 is hereby approved and this case shall be closed in accordance therewith.

### ORDER

■ This case came on for hearing on February 10, 1987 on the debtors' Motion To Withdraw A Petition In Bankruptcy for the reason that the debtors do not wish to have a discharge as they have, pursuant to their Chapter 13 Plan, repaid in full all of their creditors, secured and unsecured. No objections to the debtors' motion were filed. All parties present having been heard, the court hereby orders as follows:

The court hereby grants the debtors' Motion To Withdraw A Petition In Bankruptcy and this case is dismissed.