**In re Julia A. CARSON, Debtor.**

**Bankruptcy No. 2–87–03837.**
**SSAN(S): 250–11–9369.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Feb. 8, 1988.

---

1. *See,* Proof of Claim No. 12.

2. *See,* Amended Proof of Claim No. 16.

Robert H. Farber, Jr., Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Michelle T. Sutter, Columbus, Ohio, for trustee.

## ORDER SUSTAINING OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an objection to confirmation of the Chapter 13 plan proposed by Julia A. Carson. The objection was filed by Frank M. Pees, the standing Chapter 13 trustee for this district ("Trustee"), and was heard by the Court.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and by the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

The Court notes that the debtor has proposed a plan which provides, in part, for payments to the Trustee of $496 each month for 12 months and $541 each month for an additional 38 months. From those payments, the Trustee is to pay, in full, all allowed claims except the claim of General Motors Acceptance Corporation ("GMAC"). GMAC's claim is related to the lease of a 1987 Oldsmobile for which the monthly payments are to be made by the debtor, who is assuming the lease and electing to exercise an option granted therein to purchase the vehicle. The time by which that option will be exercised is not stated. GMAC was notified by the debtor of its proposed treatment and did not object to confirmation. Although the plan contemplates payment of compensation to the Trustee for all funds disbursed by his office, no compensation is provided for the lease payments to be made by the debtor as such treatment is characterized as "outside the plan."

The agreement between the debtor and GMAC requires payments of $252 each month for a period of 60 months, beginning in January of 1987. At the conclusion of that 60–month period, the debtor has the

right to purchase the 1987 Oldsmobile by paying its fair market value at the time of that option. If certain conditions are satisfied, that option may also be exercised at an earlier time.

The Trustee objects to the debtor's disbursement of the monthly payments under the lease to GMAC without provision for his compensation based upon those monies. He asserts that the debtor's plan requires his office to monitor all plan provisions generally, regardless of the identity of the disbursing agent, to execute specific payment terms to all other claimants and to fulfill other duties imposed upon him by 11 U.S.C. § 1302(b). The Trustee maintains that the lease payments to GMAC are payments under the debtor's plan, and therefore he is entitled to compensation, whether or not he acts as the disbursing agent.

The issue before the Court is whether a Chapter 13 debtor who elects to assume a lease and exercise an option granted thereunder, where the term of the lease is shorter than the proposed length of the Chapter 13 plan, may, by making the monthly payments herself, avoid the imposition upon those funds of a percentage fee for the Trustee's compensation. Resolution of that issue requires not only an analysis of the effect of varying treatments of unexpired leases in a Chapter 13 plan, but also consideration of how such treatments interact with the provisions creating the Trustee's right to compensation.

Section 1322(b)(7) of the Bankruptcy Code permits a debtor, through a Chapter 13 plan and subject to 11 U.S.C. § 365, to "provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected ..." The parties do not challenge that the agreement between GMAC and the debtor is a lease. Indeed this Court has previously held that a similar agreement was a true lease. *In re Farrell*, 79 B.R. 300 (Bankr.S.D. Ohio 1987).

Had the debtor chosen to reject the unexpired lease with GMAC, that action would have relieved her of any future obligations to perform under that lease. Further, any claim of the lessor resulting from that rejection would have become merely an unsecured claim, payable at the dividend provided by the plan for such claims. *Leasing Service Corp. v. First Tennessee Bank National Assoc.*, 826 F.2d 434 (6th Cir. 1987).

Had the debtor taken no action either to assume or reject the unexpired lease, the lease would have passed through the bankruptcy unaffected by the provisions of Title 11. *2 Collier on Bankruptcy* ¶ 365.03 (1987). That course of action not only permits any claim of the other party to the lease to survive the bankruptcy, but also causes the debtor to lose her opportunity to invoke any relevant protective rights provided by the Bankruptcy Code, such as the neutralization of the lease's bankruptcy default clause. See 11 U.S.C. § 365(e)(1).

The third course of action open to a Chapter 13 debtor, and the one selected by this debtor, requires assumption of the benefits and burdens of the unexpired lease. That choice dictates that the debtor provide certain protections for the other party to the agreement. If pre-petition defaults exist, such defaults must be cured with adequate assurance of future performance given, and the Court must approve the assumption by separate order or by an order confirming a plan with such an explicit provision. 11 U.S.C. § 365.

The compensation of the Trustee is governed by the provisions of 11 U.S.C. § 1302(e). That section provides for a percentage fee to be collected from all payments under plans. 11 U.S.C. § 1302(e). That fee, which is set at a maximum of eight percent in this district, is to be applied no later than the time at which the creditor receives a payment. 11 U.S.C. § 1326(b). The issue then becomes whether the particular payment arrangements proposed by this debtor relating to the assumed automobile lease with GMAC and labeled as "outside the plan", are in reality payments "under a plan" which produce a right to compensation for the Trustee.

■ The Court finds that where a debtor's Chapter 13 plan proposes either assumption of a lease, the term of which is shorter than the term of the plan, or rejec-

tion of a lease, with provision for an unsecured claim for damages, the claim relating to the lease has been dealt with under the plan such that any payments on that lease obligation are payments under the plan. Since the Trustee, as a standing Trustee, is entitled to compensation for all payments made under a plan regardless of the identity of the disbursing agent, the percentage fee previously approved by this Court must be assessed against the payments made to the lessor by the debtor. *In re Stein*, C–2–85–1634 (S.D. Ohio 1987) (unreported opinion of J. Graham, attached); *In re Foster*, 670 F.2d 478 (5th Cir.1982). The purpose for application of the Trustee's fee to direct payments authorized by the Court is to adequately compensate the Trustee and protect the system envisioned by Congress. *Stein*, at 3. Without such requirement the system could be undermined by debtors who invoke the protections of Chapter 13, but avoid its associated burdens. *In re Hankins*, 62 B.R. 831 (Bankr.W.D.Va. 1986).

 If the lease payments are in default when the Chapter 13 case is filed, for reasons relating to the feasibility test for confirmation, this Court will require that the lease payments be disbursed only by the Trustee. Cf. Local Bankruptcy Rule C–3.18.17. The Court further believes that Chapter 13 debtors and their attorneys should examine carefully such leases before the decision to assume is made to ensure that the debtor's best financial interests are considered. In appropriate instances such assumptions may not be approved.

Based upon the foregoing, the Court sustains the Trustee's objection to confirmation for failure of the plan to provide for compensation to the Trustee for payments to GMAC made by the debtor under the plan. Such failure means that the test for confirmation set forth in 11 U.S.C. § 1325(a)(1) is not met, and the Court thereby finds that confirmation should be, and the same is hereby, DENIED.

The debtor shall have twenty (20) days from the date of the service of this order to take whatever action with respect to this case as may be appropriate. If no such action is taken, the Court will dismiss this case.

IT IS SO ORDERED.

## APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

In re: Paul J. Stein and Barbara A. Stein, Debtor–Appellants,

Case No. C–2–85–1634.

Dec. 8, 1987.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO

## OPINION

GRAHAM, District Judge.

Appellants, Paul J. and Barbara A. Stein, filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 30, 1981. Appellants submitted a plan under which they would pay $1,800 per month to the trustee for a period of 58 months. The trustee was to distribute these funds to the debtors' creditors, including the Cambridge Production Credit Association ("CPCA"), which held an $80,543.75 secured claim. The Bankruptcy Court confirmed the debtor's plan on February 24, 1982. Appellee, Frank M. Pees, became the trustee of the debtor's estate. Pees is the Standing Trustee in this district, having been appointed by the Bankruptcy Court pursuant to 11 U.S.C. § 1302(d).

Without court authorization, the debtors later borrowed money from the Aileen E. Stein Trust and used it to repay their remaining debt of $60,110.00 to the CPCA. The Steins acted unilaterally and without the knowledge or approval of the trustee. The trustee later learned of this transfer and sought to recover his statutory fee from the funds transferred. The Bankruptcy Court awarded an eight percent fee to the trustee on August 2, 1985 and also

granted the debtors' motion for dismissal of their Chapter 13 case. The debtors have appealed only the award of fees to the trustee.

The appellants argue that the Bankruptcy Court erred in awarding to the trustee fees based on a payment in which he was not involved. They cite 11 U.S.C. § 326(b), which states that:

> In a case under Chapter 13 of this title, the court may not allow compensation for services or reimbursement of expenses of a standing trustee appointed under Section 1302(d) of this title, but may allow reasonable compensation under Section 330 of this title of a trustee appointed under Section 1302(a) of this title for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan.

Appellants contend that because the trustee did not render any services in connection with the payment to the CPCA, he is not entitled to any compensation.

Appellants' reliance on § 326(b) is misplaced. On its face, that section does not apply to a standing trustee such as the appellee. Rather, a standing trustee's compensation is governed by 11 U.S.C. § 1302(e), which provides that the Bankruptcy Court shall fix a percentage fee, not to exceed ten percent, and a maximum annual compensation, not to exceed the lowest rate of pay for grade GS–16. Pursuant to this provision, the Bankruptcy Court in this district established an eight percent fee. That fee is to be collected "from all payments under plans in the cases under this chapter for which such individual serves as standing trustee." 11 U.S.C. § 1302(e)(2).

The debt to the CPCA was explicitly included in debtors' Chapter 13 plan and payments were to be made through the standing trustee. The governing statute clearly states that the trustee's fee is to be paid from all transfers covered by a plan. Several courts have held that a payment is subject to the trustee's fee, even though the plan provides that the debtor shall pay the creditor directly and not through the trustee. See H. Drake & J. Morris, *Chapter 13 Practice and Procedure* § 9.06 (1983); R. Ginsberg, *Bankruptcy* 4039 (1985).

In one such case, the court noted that to hold otherwise would encourage more debtors to seek to make payments directly. *In re Hankins*, 62 B.R. 831 (Bankr.W.D.Va. 1986). The result would be that trustees would not be adequately compensated and the system designed by Congress would be undermined. The court observed that "[t]he debtors in such a situation would enjoy all the benefits of Chapter 13 bankruptcy protection without utilizing its statutory provisions." *Id.* at 835. *Accord, In re Foster*, 670 F.2d 478 (5th Cir.1982); *In re Young*, 75 B.R. 191 (Bankr.D.N.H.1987); *In re Case*, 11 B.R. 843 (Bankr.D. Utah 1981).

It is thus clear that direct payments authorized by the Bankruptcy Court are subject to the trustee's fee. A fortiori, unauthorized transfers to a creditor are also subject to the fee. The debtors in this case sought the protection of federal bankruptcy law yet have attempted to evade its requirements. To allow them to do so would encourage others to follow suit and thereby frustrate the purpose of Congress in establishing standing trustees.

For the foregoing reasons, the decision of the Bankruptcy Court awarding fees to the standing trustee is AFFIRMED.

It is so ORDERED.