**In re Kenneth A. WRIGHT, Anna Garst Wright, Debtors.**

**Bankruptcy No. 7–87–00908–BKC–HP1.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Feb. 11, 1988.

Teresa B. Melton, Roanoke, Va., for debtors.

J. Glenwood Strickler, Roanoke, Va., Trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The debtors in the above-styled Chapter 13 case have objected to the payment of a trustee's commission on secured debts payable outside the plan. The standing Chapter 13 trustee asserts that he is entitled to a 10 percent commission on all payments disbursed under the plan, whether made by the debtor or by the trustee.

A brief summary of the debtors' plan reveals that the debtors have a total secured debt of $77,493.00 and total unsecured debt of $4,166.54. The debtors originally proposed to pay $609.17 per month directly to their secured creditors, (outside the plan) and to pay $75.00 per month to the trustee for distribution to unsecured creditors, eventually achieving a 100 percent payoff.

The secured creditors consist of the home mortgage of Colonial American Mortgage Corporation with a monthly payment of $294.17, a payment of $25.00 monthly to Zale Jewelers, and $125.00 monthly to Donna Garst Weeks representing purchase money of debtors' residence.

The debtors assert that allowing the trustee to claim a commission on all payments, inside or outside the plan, puts them under a severe financial hardship; that it would make less money available for unsecured creditors, and that, on hindsight, they would not have filed for Chapter 13 protection at all in the face of such unforeseen expenses.

The standing Chapter 13 trustee claims that 28 U.S.C. § 586(e)(1)(B) fixes a 10 percent fee to be charged in all cases as his compensation.

Under prior law, the trustee clearly had the right to deduct a commission from the payments made on all debts, secured or unsecured, whether disbursed by the debtor or by the trustee. *In re Hankins*, 62 B.R. 831 (Bankr.W.D.Va.1986); *In re Foster*, 670 F.2d 478 (5th Cir.1982), *rev'g* 9 B.R. 482 (Bankr.S.D.Tex.1981). In *Hankins*, this court concluded "that even though the Debtors propose to make disbursements directly to the secured creditors, such payments are nonetheless payments 'under the Plan' in the sense that they are dealt with by the Plan and, accordingly, are subject to the statutory fee of Section 1302(e)."

*Hankins* was correctly decided under 11 U.S.C. § 1302(e). However, Section 1302 was amended by Pub.L. 99–554, § 228(2) (enacting the 1986 Amendments). Subsection (e) was struck out. The 1986 Amendments removed the administration of the standing Chapter 13 trustee system from the bankruptcy court and placed it under the United States Trustee. Since then, the trustee system has been governed by 28 U.S.C. § 586, and the compensation of such Chapter 13 standing trustees is prescribed by subsection (e) of that section.

Though 28 U.S.C. § 586(e)(2) at first glance seems similar to the former 11 U.S.C. § 1302(e), i.e., keeping the same procedure but transferring the administration thereof from the court to the United States Trustee, the new law contains at least one important substantive difference. In describing the trustee's compensation percentage, the former Section 1302(e)(2) mandated that "[s]uch individual shall collect such percentage fee from all *payments* under plans in the cases under this chapter for which such individual serves as standing trustee." (emphasis added) Such plain language indeed provided the cornerstone for the decision in *Hankins, supra.*

■ However, the new 28 U.S.C. § 586(e)(2) reads in pertinent part as follows: "Such individuals shall collect such percentage fee from all payments *received by such individual* under plans in the cases under Chapter 12 or 13 of Title 11 for which such individual serves as standing trustee." (emphasis added) Though the legislative history is silent as to why the rules were changed to alter the collection practices of the Chapter 13 trustee, the plain meaning of the words makes it clear that the trustee is to collect commissions only on monies actually received by the trustee pursuant to the plan. Thus, *Hankins* and *Foster* have been statutorily overruled.

Notwithstanding the fact that 28 U.S.C. § 586 now vests in the Attorney General the authority to set a maximum 10 percent fee collectible by the trustee "from all payments received," and thus fix the trustee's annual compensation, the bankruptcy court in the confirmation process continues to control what funds are in fact received by the trustee.[1] This court finds nothing in the new legislation indicating any intent to divest its authority to determine in the confirmation process the provisions of the plan pursuant to the guidelines of 11 U.S.C. § 1325.

Thus, traditional principles of equity must necessarily play a part in the decision whether or not to confirm a plan. This court recognizes the need to maintain a viable Chapter 13 trustee system which requires adequate funding.

However, equity must be to all parties. The aim of Chapter 13 is to rehabilitate a financially distressed debtor. A financially distressed debtor cannot abuse the bankruptcy system by seeking its protection without contributing such debtor's fair share for the costs thereof.

■ On the one hand, it would be inequitable, unfair, and counterproductive to force a debtor who had been ready, willing, and able to pay all his secured debts to incur a greater financial burden—the payment of trustee's fees—when it would be financially burdensome for him to do so. Sudden, substantial, unsecured debts that he is unable to pay when due, could then force a heretofore financially sound debtor into Chapter 13. We believe that it would not make sense to make the debtor pay a trustee's commission on his secured debt which, but for his financial emergency, he a) could have paid without the protection of the bankruptcy court, b) which is not modified by the plan, and c) which he will probably still be paying after the case is over. *In re Hines,* 7 B.R. 415, 421 (Bankr. D.S.D.1980); *In re Wittenmeier,* 4 B.R. 86 (Bankr.M.D.Tn.1980); *In re Evans,* 66 B.R. 506 (Bankr.E.D.Pa.1986); *In re Hagensick,* 73 B.R. 710 (Bankr.N.D.Ia.1987).

On the other hand, this court is loathe to encourage the scenario described in *Hankins, supra,* wherein debtors unscrupulously seek to have their cake and eat it too by filing chapter 13 plans that "propose to

---

1. *In re Savage,* 67 B.R. 700 (D.C.R.I.1986) is not on point.

pay the overwhelming majority of ... debts directly to the creditors," 62 B.R. at 835, n. 5, thereby denying the trustee his fees. Such a result is clearly contrary to both Congressional intent and the authority vested in this court to confirm plans under Section 1325.

In deciding whether to confirm or deny the debtor's plan, the court notes in passing that home mortgages are traditionally paid by the debtors directly, with good reason.

> Long after the Chapter 13 Plan has expired, a debtor is usually still making payments on the mortgage. The code contemplates that such an event will occur. It would be ridiculous to have debtors subject the mortgage payments to the trustee for the term of the plan and then have to go through the process of picking the payments up again.

*In re Hines, supra* at 421.

This practice is also the partial result of a policy that was codified by 11 U.S.C. § 1322(b)(2), which generally disallows residential first mortgages to be modified by a Chapter 13 plan.

With the foregoing equitable principles in mind, this court will order the debtor's Chapter 13 plan amended to reflect that their mortgage payment be made directly by the debtors to the mortgagee; that the two remaining secured debts of Zale Jewelers and Donna Garst Weeks be disbursed by the trustee, and the unsecured debts be paid, as per the original plan, by the trustee. This will provide a 10 percent commission and fees on the approximate sum of $200.00 which is fair and equitable to all parties.

The trustee will submit an amended confirmation order in accordance with the foregoing.