In re Thomas DERICKSON, Debtor.

James W. McROBERTS, Chapter 13 Trustee, Plaintiff,

v.

ASSOCIATES COMMERCIAL CORP., Defendant.

In re Deborah MURRAY, Debtor.

Bankruptcy Nos. 97–30565, 97–33677. Adversary No. 98–3034.

United States Bankruptcy Court, S.D. Illinois.

Oct. 1, 1998.

James Cole, St. Louis, MO, for Chrysler Financial.

Cherie MacDonald, The Stolar Partnership, Belleville, IL, for Associates Commercial.

James W. McRoberts, Belleville, IL, Chapter 13 Trustee and Attorney for Trustee.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

The two cases under consideration present the common issue of whether a Chapter 13 trustee is entitled to recover the trustee's statutory fee on insurance proceeds paid as a result of destruction of a secured creditor's collateral.[1]

In the first case, *Trustee v. Associates Commercial Corp. (In re Derickson)*, the debtor executed a note and security agreement for the purchase of two Freightliner tractor trailer trucks. This obligation was assigned to Associates Commercial Corporation ("Associates"). The security agreement required the debtor to fully insure the collateral showing Associates as the loss payee of the policy.

When the debtor sought Chapter 13 bankruptcy relief in February 1997, Associates filed a secured claim for the balance remaining on the note. Approximately a month later, one of the trucks securing Associates' claim was destroyed in a fire, and the debtor's insurer paid Associates for the loss. Associates applied these proceeds to the balance on the debtor's note and released its security interest in the vehicle.

The Chapter 13 trustee, upon learning the insurance proceeds had been paid directly to Associates, filed this adversary proceeding for turnover. The trustee contends that the proceeds constitute estate property and, as such, must be turned over to the trustee for redistribution to Associates after the trustee deducts his statutory fee. Associates, for its part, concedes that the insurance proceeds are property of the estate. However, Associates maintains it is entitled to retain this property and need not remit the proceeds to the trustee for redistribution.

The second case, *In re Murray*, arises in a different procedural context than *Derickson*, but is factually similar. In March 1995, the debtor executed a note and security agreement in favor of Chrysler Financial Corporation ("Chrysler") for the purchase of a 1995 Plymouth Voyager minivan. The debtor be-gan the present Chapter 13 case in December 1997, and Chrysler filed a claim secured by the Voyager minivan. The debtor's case was dismissed in April 1998 for failure to make plan payments. However, prior to dismissal of this case, the vehicle securing Chrysler's claim was destroyed in a collision. The insurer paid the trustee for the loss in May 1998,[2] after the bankruptcy had been dismissed. Although the trustee planned to remit the insurance proceeds, less his trustee's fee, to Chrysler as payment on its claim, Chrysler filed an application for payment of the insurance proceeds. Chrysler argues that the proceeds are not subject to the trustee's fee and should be paid over to Chrysler in their entirety.

The trustee, in each of these cases, contends that the insurance proceeds are payments on a secured claim that must be made through the trustee, thereby subjecting them to a fee under 28 U.S.C. § 586(e). Section 586(e) provides that the trustee may impose a fee on all payments received under a Chapter 13 plan:

(e)(1) The Attorney General, after consultation with a United States trustee that has appointed an individual ... to serve as standing trustee in cases under... [Chapter 13], shall fix—

. . .

(B) a percentage fee not to exceed—

(i) in the case of the debtor who is not a family farmer, ten percent[.]

. . .

(2) Such individual shall collect such percentage fee from all payments received by such individual under plans in the cases under ... [Chapter 13] for which such individual serves as standing trustee.

28 U.S.C. § 586(e)(1)(B)(i) and (e)(2). The language "received by such individual" makes clear that the trustee's fee is imposed only on payments he actually receives. Thus, who disburses the debtor's payments is of great interest to the trustee, "because the trustee is entitled to his statutory [fee] only on the funds that he actually receives from

---

1. The facts are not in dispute.

2. This vehicle was not covered by an individual policy. The trustee had force-placed insurance on the van under his group policy.

the debtor pursuant to the Chapter 13 plan." *Matter of Aberegg*, 961 F.2d 1307, 1309 (7th Cir.1992).[3]

 Generally, Chapter 13 cases are funded from future earnings of the debtor. The debtor, or the debtor's employer, typically submits periodic payments to the trustee for distribution on creditors' claims. 11 U.S.C. § 1322(a)(1).[4] These distributions are subject to the trustee's fee under § 586(e)(2). *In re Grear*, 163 B.R. 524, 526 (Bankr.S.D.Ill. 1994); *In re Harris*, 107 B.R. 204, 209 (Bankr.D.Neb.1989). However, the Bankruptcy Code does not require the Chapter 13 debtor to submit all estate property to the trustee for distribution. For instance, the debtor may liquidate estate property and make a single lump sum payment to the creditor. *See* 11 U.S.C. § 1322(b)(8).[5] Similarly, the debtor may surrender collateral directly to a secured creditor. *See* 11 U.S.C. § 1325(a)(5)(C).[6]

 While there is a split of authority as to whether lump sum payments under § 1322(b)(8) are subject to the Chapter 13 trustee's fee,[7] this Court has ruled that a debtor's surrender of collateral consisting of cash proceeds under § 1325(a)(5)(C) results in no trustee fee being assessed because, like non-cash collateral that is transferred in kind without being reduced to cash, "the property is transferred directly to the secured creditor

without involvement by the trustee." *In re Grear*, 163 B.R. at 526. The property in *Grear* consisted of proceeds of the debtor's bank accounts and life insurance policy that were subject to the lien of the I.R.S., and the Court noted that the proposed "payment" was actually a "transfer or turnover of collateral rather than a payment from the debtor's income or other property." *Id.* at 527. As such, the funds could be paid over directly without involvement by the trustee or payment of the trustee fee under § 586(e). *Id.*

 Although *Grear* involved a surrender of collateral under § 1325(a)(5)(C), the situation presented there is analogous to the one at bar. In both cases before the Court, the insurance proceeds are a substitute for the creditors' collateral which was, effectively, surrendered upon its destruction. The entire purpose of property insurance is to protect the insured in the event of damage or loss. Essentially, any proceeds from such insurance serve as a substitute for the insured collateral. *In re Feher*, 202 B.R. 966, 970–71 (Bankr.S.D.Ill.1996). *See also In re Stevens*, 130 F.3d 1027, 1030 (11th Cir.1997) (insurance proceeds act as a substitute for the insured collateral); *In re Suter*, 181 B.R. 116, 120 (Bankr.N.D.Ala.1994) ("[f]rom a secured creditor's perspective, property insurance is a substitute for the collateral insured").

---

3. Prior to 1986, the trustee clearly had the right to collect a fee on all payments made in a Chapter 13 case, whether they were disbursed by the debtor, the trustee, or another entity. *See In re Wright*, 82 B.R. 422, 422–23 (Bankr.W.D.Va. 1988). However, the 1986 Amendments to the Bankruptcy Code changed the trustee compensation system. *See* Pub.L. 99–554, § 228(2) (amending former § 1302 of the Bankruptcy Code). Since that time, compensation of the Chapter 13 trustee has been governed by § 586(e) of the Judicial Code.

4. Section 1322(a)(1) states:

(a) The [debtor's] plan shall—
(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.

5. Section 1322(b)(8) states that the debtor's plan may:

(8) provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor.

6. Section 1325(a)(5)(C) provides for confirmation of a plan if

(5) with respect to each allowed secured claim provided for by the plan—
. . .
(C) the debtor surrenders the property securing such claim to [the claim holder].

7. Courts in one line of cases have held that lump sum payments must go through the trustee. *See In re Tomasso*, 98 B.R. 513 (Bankr.S.D.Cal.1989) (proceeds of lump sum personal injury settlement to go to trustee); *In re Hogue*, 78 B.R. 867 (Bankr.S.D.Ohio 1987) (lump sum payment from sale of house to be paid through trustee). However, other courts have permitted such "one-time" payments directly to the creditor without trustee intervention. *See In re Gregory*, 143 B.R. 424 (Bankr.E.D.Tex.1992) (debtor permitted to make lump sum payment directly to the I.R.S. without trustee fee because requiring distribution by the trustee would result in a windfall).

Insurance proceeds are not intended to be a payment from the debtor's income or other property. Rather, such proceeds flow from destruction of the creditor's security and serve as a replacement of that collateral, albeit in a different form. In the present cases, although the secured vehicles have been converted to cash proceeds, these vehicles remain the creditors' collateral. For this reason, payment of the insurance proceeds in each of these cases fails to qualify as a "payment" from the debtor's income or other property but, instead, constitutes a surrender of collateral to the creditors.

Because the Court finds that there was no "payment" within the meaning of § 586(e)(2) in either of these cases, the trustee is not entitled to collect a fee on the insurance proceeds. As explained above, § 586(e)(2) specifically provides that the trustee may assess a fee only on "payments received." In addition, there is no reason to require payment of the insurance proceeds to be made through the trustee. Rather, requiring the insurance proceeds to be funneled through the trustee merely so he can assess his fee would create an unnecessary windfall to the trustee, especially when the only administrative function to be performed by the trustee would be to collect his fee.

In support of his position, the trustee raises several policy concerns. First, he maintains that denying him a fee in cases such as these will necessarily result in higher trustee's fees for all Chapter 13 debtors in this district. The Court finds no merit in this argument. The situation presented here does not arise with sufficient frequency to prompt an overall rise in trustee fees. Further, any consequential effect in other Chapter 13 cases would not justify imposition of a trustee's fee in these cases in the absence of a statutory basis for such fees. Second, the trustee contends that if creditors are permitted to receive the insurance proceeds without trustee intervention, there will be no way of monitoring what creditors have received, and this could result in overpayments. While the

Court agrees that this is a legitimate concern, it can be easily remedied by requiring creditors to provide an accounting to the trustee of any insurance proceeds they receive. Such a requirement will ensure that creditors receive only that to which they are entitled, without generating unnecessary costs.[8]

Accordingly, in *Derickson*, judgment will be entered against the trustee and in favor of Associates on the trustee's complaint for turnover. Associates is directed to provide the trustee with an accounting of all insurance proceeds it has received as a result of destruction of its collateral within 10 days of the date of this opinion. Likewise, in *In re Murray*, Chrysler's application for payment of insurance proceeds will be granted. The trustee is directed to turn over all insurance proceeds he is now holding as a result of destruction of Chrysler's collateral within 10 days.

---

8. Although the trustee might argue that the fee is justified because he will bear additional administrative burdens in adjusting plan payments based on the creditors' accounting of funds received, the Court notes that this burden is no different than that incurred any time collateral is surrendered to a secured creditor. In such instances, the trustee must calculate the amount by which the surrender of collateral reduces the creditor's claim and determine the unsecured portion remaining, if any on the creditor's claim. In addition, the trustee must determine the effect of such surrender on the trustee's distributions to other creditors.