In the Matter of Joseph E. KING, et al., Debtors/Appellants,

v.

Robert WOOD, et al., Appellees.

Civ. No. 89–4990 (JCL).

United States District Court, D. New Jersey.

April 5, 1990.

John W. Hargrave, Voorhees, N.J., for debtors/appellants.

Peter J. Broege, Wood, Broege & Fischer, Manasquan, N.J., for appellees.

## MEMORANDUM AND ORDER

LIFLAND, District Judge.

Presently before the court is an appeal from the bankruptcy court's imposition of a wage order with respect to the debtors' payments to the standing trustee and to two mortgagees. Appellants contend the bankruptcy court should have considered their payment record and financial history before imposing the wage order. For the following reasons, the court affirms the order of the bankruptcy court.

Joseph E. King and Ruth E. King filed for protection under Chapter 13 of the Bankruptcy Code. Their plan provided for payments to unsecured creditors over a three year period. The Kings did not include monthly payments to two mortgagees in the plan. As the Kings were not in arrears on their mortgage payments, they contemplated continued monthly payments would be made "outside" the plan, i.e., the payments would be made by the Kings directly to the mortgagees rather than through the standing trustee. The bankruptcy court confirmed the plan, but imposed a wage order with respect to payments to the trustee and the mortgagees.

A Chapter 13 debtor has no right to make payments directly to secured creditors. The designation of the debtor as disbursing agent is permissible under Chapter 13. *Matter of Foster,* 670 F.2d 478, 486 (5th Cir.1982). Such a designation, however, is within the discretion of the bankruptcy court. Section 1325(c) provides that "[a]fter confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee." In addition, Section 1325(a)(6) requires that the debtor "be able to make all payments under the plan and to comply with the plan." Clearly the bankruptcy court may impose a wage order over the objection of the debtor.

Appellants rely on 11 U.S.C. §§ 1322(b)(2) and (5) for the proposition that the bankruptcy court does not have jurisdiction over a non-dischargeable debt which is not in arrears. The sections detail some of the discretionary provisions which may be included in a plan. Section 1322(b)(2) provides, in part, that a plan may not modify a claim secured only by an interest in real property. The Kings' mortgage loans were secured only by real property. Section 1322(b)(5) provides that "the plan may ... provide for the curing of any default within a reasonable time and maintenance of payment while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." The Kings were not in default of either loan.

From these two provisions, the Kings argue that they were not permitted to provide for payments of the mortgage debts under their Chapter 13 plan. This argument ignores the fact that all the debtor's post-petition income after filing a Chapter 13 petition is within the control of the bankruptcy court. Section 1306(a)(2) provides that property of the estate includes "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title...." Sections 1322(b)(2) and (5) do not limit the bankruptcy court's jurisdiction over the Kings' future income.

Finally, appellants argue that as a court of "equity", the bankruptcy court cannot impose wage orders with respect to trustee payments and mortgagee payments without regard to the individual circumstances of each case. According to the Kings, the court should have made specific findings regarding their inability to make payments before imposing the wage order. The Code does not require the court to anticipate which debtors will become delinquent after confirmation, but authorizes the bankruptcy court to order any entity from whom the debtor receives income to remit payments as required under the plan. 11 U.S.C. § 1325(c). The bankruptcy court's practice of requiring a wage order where feasible is

not in contravention of the Bankruptcy Code. Accordingly,

IT IS on this 3rd day of April, 1990, ORDERED that the bankruptcy court's imposition of a wage order with respect to the trustee and mortgagee payments is affirmed.