**Standing Chapter 13 Trustee Tedd E. MISHLER, Esq., Plaintiff–Appellant,**

v.

**Walter Norman ABEREGG, Jr., and Sandra Jean Aberegg, Defendants–Debtors.**

**Civ. No. S 90–380.**

United States District Court, N.D. Indiana, South Bend Division.

Oct. 22, 1990.

Tedd E. Mishler, Michigan City, Ind., Standing Chapter 13 Trustee.

William L. Hoehner, South Bend, Ind., for defendants-debtors.

### MEMORANDUM OPINION AND ORDER

ALLEN SHARP, Chief Judge.

In this action the Standing Chapter 13 Trustee, Tedd E. Mishler, Esq. appeals from the judgment of the bankruptcy court regarding the proper interpretation and application of 11 U.S.C. § 1322(a)(1). For the following reasons, the bankruptcy court's judgment is AFFIRMED.

The appellant, as Trustee, opposed confirmation of the debtors' Chapter 13 Plan on the ground it authorizes the debtors to make payments directly to the holder of their residential mortgage, Renew Incorporated, "outside" the supervision and control of the Trustee and thus free of his commission. The mortgagee did not oppose this arrangement under the plan; only the Trustee objected.

The basis for the Trustee's objection is that he understands 11 U.S.C. § 1322(a)(1) to preclude a debtor from directly making payments from future earnings to any creditor(s). The Trustee maintains that a debtor must first turn over to him as much disposable income as is earmarked for all his creditors. Then the Trustee, and not

the debtor, makes disbursement to the creditors. Section 1322 provides:

(a) The plan shall—

(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan. . . .

According to the Trustee, the plan's proposed payment from debtors directly to mortgagee runs afoul of the statutory requirement and should not be countenanced because a debtor cannot be trusted with the responsibility of making the required monthly payments. Instead, a debtor is apt to disregard his financial obligations and fritter away the "extra" cash on something he should not. Thus, the Trustee submits, judicial toleration of payment schemes "outside" the Trustee's control and supervision explains the woefully high rate of Chapter 13 plan failures.

The Trustee has not proffered, nor has this court located, a single judicial decision embracing the statutory inflexibility and coercion urged by the appellant. Indeed, the cases are uniformly to the contrary. *See, e.g., In re Bettger*, 105 B.R. 607 (Bankr.D.Or.1989); *In re Burkhart*, 94 B.R. 724 (Bankr.N.D.Fla.1988). *See also King v. Wood*, 116 B.R. 413, 414 (D.N.J. 1990) ("The designation of the debtor as disbursing agent is permissible under Chapter 13. . . . Such a designation, however, is within the discretion of the bankruptcy court."); *In re Jutila*, 111 B.R. 621, 624 (W.D.Mich.1989) ("Under the Code, a bankruptcy court has discretion to permit debtors to make payment directly to some secured creditors, thereby avoiding the deduction of the trustee's statutory commission from these payments.").

The absence of case authority supporting his position has not discouraged this Trustee, however. He proceeds along the impertinent course of charging the entire federal bankruptcy bench, including the judge below, with—shall we say—judicial oversight: "[N]ot one single Bankruptcy jurist in this nation appears to understand THE IMPORTANCE OF THE MANDATE contained in 11 U.S.C. Section 1322(a)(1); *AND*, how it relates to the accomplishment of other Congressional objectives in the area of Bankruptcy" (emphasis in original) (Trustee's Brief at 18). The Trustee's brazen demeanor is reminiscent of the mother whose inept son plays for the school marching band. As the band performs one holiday, the proud mother observes her son awkwardly parade by as he stumbles oblivious to the drum's cadence. Undaunted, the mother observes that "Everybody is out of step but Johnny."

This court is reluctant to impugn Judge Dees and his bankruptcy colleagues as "out of step" with the Congressional mandate in light of the similar position adopted by other courts addressing this issue. Judge Dees rejected the Trustee's approach, instead reading the statutory language and legislative history to indicate a philosophy of voluntariness and flexibility under Chapter 13 plans. This court concurs. The statute's language makes clear that a plan must provide for the Trustee's supervision and control only of those future earnings which are "necessary for the execution of the plan." The court thus finds as a matter of law that, contrary to the Trustee's insistence, not all of a debtor's future income earmarked for payment to creditors need first be funneled through the Trustee's hands.

Chapter 13 is a voluntary procedure for repaying creditors. It reflects a policy of the Congress to enable individual debtors to make greater voluntary use of repayment plans to improve debtor relief and creditor recovery by means of a "simplified, expanded and more flexible" approach. 15 Collier on Bankruptcy ¶ 1300.02 at 1300-20 (15th ed. 1986). The bankruptcy court found that the statute contemplates precisely the sort of plan offered here by the debtors for confirmation: namely, a payment of $185.00 per month to be distributed by the Trustee to certain creditors and monthly mortgage payments to be made directly by the debtors "outside" the plan.

This is especially true where, as here, the length of the mortgage exceeds the dura-

tion of the plan. Many years will remain on the mortgage even after the plan is "complete." The lower court determined that, if the Trustee had his way so that the mortgage payment also were subject to his "windfall" 10% commission, the debtors would likely not be able to reorganize. Indeed, they might be forced into a Chapter 7 liquidation. Under the present factual record this court cannot conclude that Judge Dees erred by confirming the debtors' proposal to make their mortgage payments "outside" the Chapter 13 plan. Accordingly, the judgment of the bankruptcy court is AFFIRMED. SO ORDERED.