REYNOLDS, Senior District Judge.
This appeal concerns whether Section 1322(a)(1) of the Bankruptcy Code, Title 11 *1308 United States Code § 1322(a)(1), authorizes bankruptcy courts to confirm Chapter 13 plans under which the debtor proposes to pay certain creditors directly, rather than through a Chapter 13 bankruptcy trustee. We conclude that Chapter 13 authorizes confirmation of plans including such direct-payment provisions.
PROCEDURAL BACKGROUND
On January 30, 1990, Walter Norman Aberegg, Jr., and Sandra Jean Aberegg (“Debtors”) filed a Chapter 13 bankruptcy petition and a Chapter 13 statement and plan (the “Plan”) in the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division. The bankruptcy court confirmed the Plan over the objection of appellant Standing Chapter 13 Trustee Tedd E. Mishler (“Trustee”), who then appealed the bankruptcy court’s order to the United States District Court for the Northern District of Indiana, South Bend Division. On October 22, 1990, the district court 121 B.R. 553 issued a written order and entered judgment affirming the decision of the bankruptcy court. The Trustee then filed the instant appeal.
THE BANKRUPTCY PLAN
In their Chapter 13 Plan, the Debtors propose to make fifty-eight (58) monthly payments of $185.00 to the Trustee, total-ling $10,730.00. Of this total, the Trustee is to disburse: $930.90 to himself as statutory trustee fees, $1,015.00 to the Debtors’ attorney, $2,335.08 to two secured creditors, $6,409.54 to the Internal Revenue Service, and $39.48 as a refund to the Debtors. The Trustee objected to Article I, ¶ 3 of the Plan, by which the Debtors propose to disburse their current monthly mortgage payments of $189.00 directly to Renew Incorporated, the holder of the Debtors’ residential mortgage.
ANALYSIS
The sole issue is whether the district court properly concluded that a bankruptcy court may approve a Chapter 13 plan which provides for the debtor to make direct payments to certain creditors. This issue is one of law, subject to de novo review. See Park Terrace Townhouses v. Wilds, 852 F.2d 1019, 1021 (7th Cir.1988).
Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301-1330, permits “individuals with regular income” [1] who carry a relatively small debt load[2] to propose a plan providing for the repayment of all or a portion of the claims against the debtor out of the debtor’s future income over a period not to exceed five years from the date of the plan’s confirmation. See Matter of Foster, 670 F.2d 478, 483 (5th Cir.1982); In re Jutila, 111 B.R. 621, 623 (W.D.Mich.1989). The bankruptcy court must confirm the Chapter 13 plan if it meets the six requirements of § 1325(a), including the requirements that “the plan compl[y] with the provisions of [Chapter 13] and with the other applicable provisions of this title” and that the debtor “will be able to make all payments under the plan and to comply with the plan.” 11 U.S.C. § 1325(a)(1), (6). Upon confirmation, claims against the debt- or’s consumer debts are automatically stayed, and the debtor is to commit a portion of his future income to making the payments set forth in the plan. In re Jutila, 111 B.R. at 623; see also 11 U.S.C. §§ 362, 1322(a), 1325. If the debtor complies with the plan, he is entitled to a discharge of “all debts provided for by the plan or disallowed under section 502 of this title” with certain exceptions. 11 U.S.C. § 1328(a).
The Chapter 13 plan itself must contain three basic provisions:
*1309 The plan shall—
(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;
(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and
(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.
11 U.S.C. § 1322(a). Section 1322(b) sets forth additional discretionary provisions which may be included in a Chapter 13 plan. Particularly significant here is § 1322(b)(2), which provides in part that the plan may “modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor’s principal residence, or of holders of unsecured claims.... ”
The Bankruptcy Code contemplates that the debtor and/or his employer will typically transmit the specified portion of the debtor’s future income to a Chapter 13 trustee charged with disbursing the monies to creditors pursuant to the plan. This notion is reflected in section 1326(c), which provides that “[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.” This method of disbursement is not exclusive, however, because section 1322(a)(1) requires only that the plan provide for the submission to the trustee of “all or such portion of future earnings or other future income of the debtor ... as is necessary for the execution of the plan.” 11 U.S.C. § 1322(a)(1) (emphasis added). This language has been uniformly interpreted as giving bankruptcy courts the discretion to permit debtors to make payment directly to some secured creditors, provided that the plan meets all the confirmability requirements set forth in § 1325(a). See, e.g., Matter of Foster, 670 F.2d at 487; In re Jutila, 111 B.R. at 624-25; In re Burkhart, 94 B.R. 724 (Bankr. N.D.Fla.1988). Who actually disburses the debtor’s payments is of great interest to the trustee, because the trustee is entitled to his statutory commission only on the funds that he actually receives from the debtor pursuant to the Chapter 13 plan. 28 U.S.C. § 586(e)(2). The trustee collects no commission on funds that the debtor disburses directly to a creditor. See id.; see also In re Burkhart, 94 B.R. at 728.
Here, the Trustee urges us to read § 1322(a)(1) as requiring a debtor to surrender to the trustee the entire portion of the debtor’s future income earmarked for payment of creditors under the Plan. The Trustee warns that debtors would otherwise be able to “fritter away” the portion of their future earnings that they propose to disburse themselves.
We must reject the Trustee’s suggested interpretation of § 1322(a)(1) because, as noted above, it is inconsistent with the language of the statute and is contrary to the universal interpretation of the statute. Because the language of the statute gives bankruptcy courts the discretion to permit debtors to make payment directly to some secured creditors, we need not resort to other extrinsic methods of statutory interpretation. See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1988) (Where statutory language is plain, such language is conclusive on the statutory interpretation issue); see also In re Sanderfoot, 899 F.2d 598, 600 (7th Cir.1990).
Despite the conclusiveness of the’above language, we will briefly discuss the Trustee’s policy argument. The Trustee’s plea that direct-paying debtors will “fritter away” any future earnings left in their control is misplaced, because that concern is effectively addressed by § 1325(a)(6), which bars confirmation of any plan under which the debtor will not be able to make all payments.
The Trustee’s interpretation of § 1322(a)(1) is also inconsistent with the basic legislative purpose underlying Chapter 13, which is to provide debtors with a flexible means for repaying creditors: “Chapter 13 is designed to serve as a flexi *1310 ble vehicle for the repayment of part or all of the allowed claims of the debtor. Section 1322 emphasizes that purpose by fixing a minimum of mandatory plan provisions.” S.Rep. No. 989, 95th Cong., 1st Sess. 141 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5927, quoted in Matter of Foster, 670 F.2d at 486. The benefits of such flexibility are especially compelling here, because the Debtors’ current residential mortgage payments will extend beyond the life of the Plan.[3] It would serve little purpose to require the Debtors to disburse their mortgage payments through the Trustee (and to pay the trustee’s statutory commission thereon) during the Plan, only to have to arrange to make direct mortgage payments upon the termination of the Plan. See In re Burkhart, 94 B.R. at 726. Moreover, Renew Incorporated has not objected to such direct payment, nor would such direct payment generally endanger a mortgagee’s security interest. Bankruptcy courts might often find that the mortgagee’s interest is so secure that any additional protection afforded by the trustee’s disbursement of mortgage payments is unnecessary. See Matter of Foster, 670 F.2d at 487.
We therefore conclude that pursuant to § 1322(a), a bankruptcy court may approve a plan under which the debtor will act as disbursing agent with respect to certain payments, provided that the plan is con-firmable under § 1325. Here, the Trustee has not argued on appeal that the Plan is otherwise not confirmable under § 1325, and accordingly, the judgment of the district court is Affirmed.

. Section 101(30) of the Bankruptcy Code, 11 U.S.C. § 101(30) defines an "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of [the Bankruptcy Code], other than a stockbroker or a commodity broker.”

. Section 109(e) of the Bankruptcy Code, 11 U.S.C. § 109(e), imposes a debt ceiling on eligibility for Chapter 13 relief. Only debtors who, on the filing date, have matured and liquidated unsecured debts of less than $100,000 and matured and liquidated secured debts of less than $350,000 may file Chapter 13 petitions.

. Many courts have drawn a distinction between permitting a debtor to act as disbursing agent with respect to current mortgage payments and arrearage payments. Noting that arrearage payments are temporary and "catch up” in nature, these courts have concluded that such arrearage payments should ordinarily be disbursed by the trustee. See, e.g., In re Burkhart, 94 B.R. at 726.