In re Michael **ROBERTS** and
Valerie Roberts, Debtors.

**Bankruptcy No. 97–30172.**

United States Bankruptcy Court,
D. Idaho.

Oct. 21, 1998.

Bruce A. Anderson, Elsaesser Jarzabek Anderson & Marks, Sandpoint, Idaho, for Debtors.

L. Wayne Sweney, Lukins & Annis, Coeur d'Alene, Idaho, for U.S. Bank.

C. Barry Zimmerman, Coeur d'Alene, Idaho, Trustee.

## OPINION

TERRY L. MYERS, Bankruptcy Judge.

This matter comes before the Court upon the Motion of U.S. Bank ("USB") to disburse funds obtained from the chapter 13[1] Debtors' sale of certain property.

The record reflects that USB is secured in the equipment, inventory and accounts receivable of the Debtors' business. Creditor GE Capital Corporation ("GECC") also has a secured claim arising from a lease of certain equipment.

The confirmed chapter 13 plan of the Debtors set values for the allowed secured claims of USB and GECC and proposed to satisfy the same through periodic payments made to and disbursed by the Trustee.

During the term of the plan, the Debtors arranged for the sale of the subject collateral for $60,000.00. The Debtors' original motion proposed to pay the proceeds of sale first to Latah County to satisfy personal property taxes in the amount of $1,000.00; second to USB in the amount of $40,000.00; third to GECC in the amount of $6,000.00; and fourth to the Trustee in the amount of $6,000.00, apparently as and for the Trustee's 10% fee on distributions made pursuant to a plan. *See,* 28 U.S.C. § 586(e)(1)(B)(i).

The sale was ultimately approved, but by agreed order all funds were held by the Debtors' counsel, in trust, pending further order of the Court.

USB has since filed a motion regarding distribution of the funds. That motion pro-

---

1. Unless otherwise indicated, all references to "code" "title," "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

poses that Latah County be paid in full and that the entire balance remaining be distributed pro-rata to USB and GECC upon their secured claims. According to USB this would constitute approximately 94% distribution on the allowed secured claims of those creditors. The motion does not contemplate any distribution at all to the Trustee.

No appearances were made at hearing by the Debtors or by GECC. No formal objection to the USB motion has been filed. However, at hearing the Trustee raised concern over the lack of payment of the Trustee's fee as had been contemplated in the Debtors' original motion for approval of sale.

■ USB argues that Debtors' sale and proposed direct distribution of collateral proceeds to the secured creditors in partial satisfaction of their claims is outside 28 U.S.C. § 586(e)(2) and that the Trustee is not entitled to a percentage fee on these amounts.

Under 28 U.S.C. § 586(e)(2),[2] the percentage fee defined in 28 U.S.C. § 586(e)(1)(B)[3] is collectable "from all payments received by [the standing trustee]" in the case. Section 1326 addresses the "payments" to the trustee under the plan. These include payments made periodically (generally monthly) by debtors to the trustee for purposes of ultimate distribution to secured and unsecured claims.

■ "Direct" payments to creditors by a debtor (often inaccurately called payments "outside the plan") are not payments "received by" the standing trustee and no percentage fee attends. 28 U.S.C. § 586(e)(2). *See also* § 1326(c) (except as provided in the plan, payments to creditors are to be made by the trustee). The same analysis applies for payments of claims accomplished by a debtor's surrender of collateral, § 1325(a)(5)(C), or payments through a debtor's delivery of property, § 1322(b)(8). In none of these situations does the trustee "receive payments" within the contemplation of 28 U.S.C. § 586(e).[4]

Had the Trustee assisted in the sale, § 506(c) might apply to "surcharge" the collateral proceeds in compensation of certain of the Trustee's expenses. Had the Trustee conducted the sale, received the proceeds, and been responsible for disbursement to the creditors, 28 U.S.C. § 586(e)(2) would appear to apply. Neither situation is presented here.

While it would have been better had the first motion not raised the expectations of the Trustee regarding payment, the Trustee's expectancy does not equal a statutory entitlement.

The Motion of USB regarding disbursement of the proceeds is GRANTED, and USB's counsel may submit an appropriate form of order.

---

**2.** 28 U.S.C. § 586(e)(2) provides, in part:
[The standing trustee] shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee....

**3.** 28 U.S.C. § (e)(1)(B) provides, in part:
The Attorney General, after consultation with a United States trustee that has appointed an individual under subsection (b) of this section to serve as standing trustee in cases under chapter 12 or 13 of title 11, shall fix—

. . .
(B) a percentage fee not to exceed—
(i) in the case of a debtor who is not a family farmer, ten percent; . . .

**4.** *See generally, In re Aberegg,* 961 F.2d 1307 (7th Cir.1992) (no fees on direct debtor disbursement); *In re Gregory,* 143 B.R. 424 (Bankr. E.D.Tex.1992) (same); *In re Bettger,* 105 B.R. 607 (Bankr.D.Or.1989) (no fee on sales proceeds paid directly by debtor).