OPINION OF THE COURT
SCIRICA, Chief Judge.
Appellants Paul and Trudy Henthorn, debtors under Chapter 13 of the Bankruptcy Code, challenge under 11 U.S.C. § 506(b) the reasonableness of attorney’s fees and other costs assessed to them by Appellee GMAC Mortgage Corporation (“GMAC”). The Bankruptcy Court dismissed the action for failure to state a claim, and the District Court affirmed. We will affirm.
I.
In March of 2000, Paul Winfield Henthorn, Jr. and his wife, Trudy A. Henthorn, *16 petitioned for Chapter 13 bankruptcy. See 11 U.S.C. § 1301 et seq. GMAC, the assignee of a mortgage on the Henthorns’ residence, was one of several creditors to appear and file proofs of claim in the proceeding. As expressly contemplated by the parties’ mortgage contract — which authorized GMAC to recover any “reasonable attorney’s fees” incurred in connection with a bankruptcy proceeding — GMAC thereafter assessed the Henthorns $845.00 in costs and fees. Beginning on August 2, 2000, this amount appeared on the Henthorns monthly mortgage statement from GMAC labeled as “other” charges. GMAC did not amend its bankruptcy proof of claim to include the $845.00 charge, nor did it participate further in the Chapter 13 proceeding.
In January of 2001, the Bankruptcy Court confirmed the Chapter 13 plan filed by the Henthorns. See 11 U.S.C. § 1321 (“The debtor shall file a plan.”). The plan proposed by the Henthorns provided that they would continue making payments on the GMAC mortgage (which was not in arrears) outside of bankruptcy, and that upon plan confirmation the mortgaged property would re-vest in the Henthorns. In other words, the mortgaged property was excluded from the bankruptcy estate, and from the oversight of the bankruptcy trustee and the Bankruptcy Court.
Approximately one year after plan confirmation, the Henthorns sold the property and satisfied their mortgage obligation to GMAC. From the proceeds of the sale, the Henthorns paid GMAC not only the outstanding principal and interest on the mortgage, but also the $845.00 in costs and attorney’s fees.
The Henthorns subsequently filed suit on behalf of a national class of bankruptcy debtors who allegedly were assessed similar costs and fees. Citing Bankruptcy Code § 506(b) — which authorizes an oversecured creditor to recover “any reasonable fees, costs or charges” incurred in connection with a bankruptcy and provided for by contract — the putative class action challenged the “reasonableness” of the charges imposed by GMAC.
By stipulation of the parties, and pursuant to 28 U.S.C. 1334(b), the action was transferred to the court presiding over the underlying bankruptcy, and re-docketed as an adversary proceeding. The Bankruptcy Court dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The District Court, exercising jurisdiction under 28 U.S.C. § 158(a), affirmed. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Our review is plenary. McNamara v. PFS (In re Personal and Bus. Ins. Agency), 334 F.3d 239, 242 (3d Cir.2003).
II.
The issue is whether, on the facts of this case, plaintiffs can state a claim under § 506(b) and § 105(a) of the Bankruptcy Code.[1] On the facts of this case, they cannot. Section 506(b) does not apply here because the debtors excluded the GMAC mortgage obligation from their confirmed bankruptcy plan, and the challenged fees were paid to GMAC from the debtors’ post-confirmation sale of the mortgaged property. See Telfair v. First Union Mortgage Corp., 216 F.3d 1333, *17 1339 (11th Cir.2000) (holding § 506(b) only governs fee petitions until the time of confirmation), cert. denied, 531 U.S. 1073, 121 S.Ct. 765,148 L.Ed.2d 666 (2001).
Beginning several months prior to plan confirmation, plaintiffs’ monthly statements from GMAC included $845.00 in “other” charges. Plaintiffs never challenged the “reasonableness” of these charges prior to confirmation, nor sought to address them under the bankruptcy plan. See 11 U.S.C. § 1321 (“The debtor shall file a plan.”). The plan itself excluded the mortgaged property and the corresponding lien agreement with GMAC from bankruptcy, and the property re-vested in plaintiffs upon confirmation. 11 U.S.C. § 1327(b). Plaintiffs then sold the property, and satisfied their obligations to GMAC, “outside” of bankruptcy. See generally In re Aberegg, 961 F.2d 1307, 1309-10 (7th Cir.1992) (discussing debtors’ satisfaction of residential mortgage obligations outside a bankruptcy plan).
Having excluded their contractual relationship with GMAC from the plan — a decision that, among other things, allowed plaintiffs to sell the mortgaged property without oversight from the Bankruptcy Court, payment of bankruptcy trustee’s fees, or remittance of any profits on the sale to creditors with stripped hens — plaintiffs cannot later, post-confirmation, invoke § 506(b) and § 105(a) to superintend the “reasonableness” of fees collected by GMAC from the proceeds of the sale of its collateral.[2]
III. Conclusion
We will affirm the judgment of the District Court.

. Section 506(b) provides:
To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.
11 U.S.C. § 506(b).

. Because plaintiffs fail to state a claim under § 506(b), their reliance on § 105(a) as an enforcement mechanism for § 506(b) is unavailing. Section 105(a) "does not give the court the power to create substantive rights that would otherwise be unavailable under the Code." In re Combustion Eng'g, Inc., 391 F.3d 190, 235 (3d Cir.2004) (citations omitted). To the extent plaintiffs additionally rest their appeal on Bankruptcy Rule 2016(a), the argument is waived, Laborers’ Int’l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (a "passing reference to an issue” in a brief does not "bring that issue before this court”), and in any event appears merit-less.