In re James R. EDGE, Debtor.

James R. EDGE, Plaintiff–Appellant,

v.

Timothy N. MAIKOFF, Esq., as Standing Trustee of Estate of James R. Edge, Defendant–Appellee.

Civ. A. No. 89–224.

United States District Court,
D. Vermont.

Feb. 13, 1990.

Gleb Glinka, Bertolini Benning & Glinka, Cabot, Vt., and Olin R. McGill, Jr., Middlebury, Vt., for plaintiff-appellant.

Timothy N. Maikoff, Jr., Rutland, Vt., for defendant-appellee.

## OPINION AND ORDER

COFFRIN, District Judge.

This is an appeal from a ruling of Bankruptcy Judge Conrad of the District of Vermont pursuant to 28 U.S.C. § 158(a). On July 19, 1989, the Bankruptcy Judge ruled that appellee, as standing trustee in appellant's Chapter 13 proceedings,[1] was entitled to a 10% fee assessed against all funds he received from appellant. Appellant avers that the 10% fee should only be assessed against those funds intended to be disbursed to appellant's creditor, the Internal Revenue Service. For the reasons which follow, we reverse and find for appellant.

## BACKGROUND

On August 3, 1989, the Bankruptcy Court confirmed appellant's Second Amended Chapter 13 Plan. *In re Edge*, No. 88–232 (Bankr.D.Vt. Aug. 3, 1989). The confirmation order directed the standing trustee to make payments under the plan "at least once per annum after deduction of 10% upon all payments received by the Trustee under the Plan." *Id.* at 2. At the confirmation hearing held on July 19, 1989, Judge Conrad ruled that this 10% fee was to be assessed against all funds appellee received from appellant. This means in the circumstances of this case, in order for appellant's creditor to receive a $1,092.66 payment due it under the repayment plan,

---

**1.** The United States Trustee for the Districts of Connecticut, New York, and Vermont, has appointed appellee as standing trustee for the District of Vermont pursuant to 28 U.S.C. § 586(b).

appellant would have to transfer $1,214.07 to appellee.[2] In other words, for every $100.00 intended for the creditor under the repayment plan, appellant would have to pay $111.11 to appellee. *See* Transcript of Hearing, *Matter of Edge*, No. 88–232 (Bankr.D.Vt. July 19, 1989), at 2–3. Appellant appeals this ruling, arguing that he should only have to pay appellant $1,201.93 (i.e., $1,092.66 + $109.27).[3]

## DISCUSSION

■ The sole issue on appeal is whether a standing trustee's percentage fee under 28 U.S.C. § 586(e) is computed with reference to the amount intended to be paid creditors through the standing trustee under a repayment plan, or with reference to the total amount transferred to the standing trustee regardless of whether the funds are earmarked for creditors. The operative statutory language directs that a standing trustee's percentage fee cannot exceed 10%. 28 U.S.C. § 586(e)(1)(B)(i). The statute further reads: "[The standing trustee] shall collect such percentage fee *from all payments received by such individual under plans* in the cases under chapter 12 or 13 of title 11 . . . ." 28 U.S.C. § 586(e)(2) (emphasis added). The percentage fee *for* standing trustees in the District of Vermont is 10.00%.

The Bankruptcy Court ruled, in accordance with its opinion from the bench in *In re Beauregard*, No. 87–162 (Bankr.D.Vt. 1987), that the percentage fee is to be assessed against the entire amount the standing trustee receives. Therefore, if creditors are ultimately to receive $100.00, the standing trustee must receive $111.11 —the standing trustee retains 10% of the $111.11 (i.e., $11.11), leaving $100.00 for the creditors.

Appellant contends that the Bankruptcy Court's approach results in a repeatedly assessed 10% fee on any amount the debtor transfers to the standing trustee, even

funds intended to pay the trustee's fee itself. Appellant maintains that this, in effect, results in an 11.11% fee that exceeds the 10% limit set out in 28 U.S.C. § 586(e)(1)(B)(i). In other words, appellant argues that the following occurs under the Bankruptcy Court's methodology: The debtor pays the standing trustee $110.00 with $100.00 intended for the creditors under the repayment plan and $10.00 for the standing trustee's 10% fee. The standing trustee then assesses a 10% fee against that additional $10.00 (i.e., $1.00). When the standing trustee receives this additional $1.00, another 10¢ fee is assessed (i.e., 10% of $1.00). When the standing trustee receives this 10¢, he again assesses a 10% fee (i.e., 1¢). Therefore, the debtor must transfer $111.11 to the standing trustee if creditors are to receive their $100.00 under the Bankruptcy Court's methodology.

■ The issue on appeal is essentially one of statutory construction. "The bankruptcy court's interpretation of the statute . . . constitute[s] a conclusion of law subject to plenary review." *Truck Drivers Local 807 v. Carey Transp., Inc.*, 816 F.2d 82, 88 (2d Cir.1987). The plain meaning of the statute, if there is one, must be the starting point for our analysis. *Berger v. Heckler*, 771 F.2d 1556, 1570 (2d Cir.1985). "We do not, however, construe statutory phrases in isolation; we read statutes as a whole." *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984). Accordingly, the meaning ascribed to a particular phrase must be consistent with its statutory context. *See, e.g., Sutton v. United States*, 819 F.2d 1289, 1293 (5th Cir.1987).

At the heart of this appeal is the meaning of the phrase "all payments received by such individual under plans" found in 28 U.S.C. § 586(e)(2). This language comes from the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, P.L. 99–554, 100 Stat. 3091

---

**2.** This figure was arrived at as follows: When appellee receives the $1,214.07, he would retain 10% as his fee (i.e., $121.41), leaving $1,092.66 to be disbursed to the creditor.

**3.** We note that, while only $12.14 per payment is at issue in the case at bar, the issue on appeal regarding the assessment of a standing trustee's percentage fee is one which needs to be resolved.

(Oct. 27, 1986). The prior language employed by this section was "all payments under plans." Therefore, the 1986 amendment simply added the words "received by such individual."

Appellee argues that the addition of the words "received by such individual" should be interpreted in the following manner: All funds transferred by the debtor to the standing trustee (i.e., all funds *received* by the standing trustee) are subject to the percentage fee. This construction of 28 U.S.C. § 586(e)(2) means that funds received by the standing trustee and earmarked for the standing trustee's fees would themselves be subject to the percentage fee. After examining the statutory context of Chapter 13 repayment plans and the relevant case law, we disagree with appellee's interpretation and find for appellant.

The primary impetus behind amending the language in 28 U.S.C. § 586(e)(2) appears to have been a desire to clarify against what funds a standing trustee is entitled to assess his percentage fee. The prior language suggested the standing trustee could assess his percentage fee against payments made directly by the debtor to a creditor under a repayment plan even though the standing trustee performed no service with regard to those payments. This interpretation was possible because 28 U.S.C. § 586(e)(2) directed that standing trustees could assess their percentage fees against "all payments under plans." Since the direct payments were made under a repayment plan, the standing trustee could assess his fee against them.

The 1986 amendment limited the standing trustee's assessment to "all payments received by such individual [the standing trustee] under plans." A majority of the courts confronting the issue have interpreted this amendment to mean that the standing trustee cannot assess his fee against payments made directly by the debtor to a creditor because he does not "receive" them. *See, e.g., In re Erickson Partnership,* 83 B.R. 725 (D.S.D.1988); *In re Bettger,* 105 B.R. 607 (Bankr.D.Or.1989); *In re Heller,* 105 B.R. 434 (Bankr.N.D.Ill.1989); *In re Burkhart,* 94 B.R. 724 (Bankr.N.D. Fla.1988); *In re Wright,* 82 B.R. 422 (Bankr.W.D.Va.1988).

While funds the standing trustee does *not* receive are *not* subject to the percentage fee, it does not necessarily follow that *all* funds he receives *are* subject to the fee as appellee contends. The statutory language used both before and after the 1986 amendment was addressed to payments "under plans." We find as a matter of law that funds paid to a standing trustee for purposes of paying the standing trustee's percentage fee are not payments under a Chapter 13 repayment plan. Thus, they are not subject to the standing trustee's percentage fee.[4]

The role of the trustee in Chapter 13 proceedings is statutorily defined. The trustee's role is a supervisory one. 11 U.S.C. § 1322(a)(1) directs: "The plan shall ... provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan...." This suggests that the trustee operates independent of the repayment plan and is responsible for its faithful execution.

11 U.S.C. § 1326, governing Chapter 13 payments, further suggests that only payments which are intended to be disbursed to creditors pursuant to a repayment plan are payments made "under" that plan. 11 U.S.C. § 1326(a)(2) directs that "[a] payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan." 11 U.S.C. § 1326(b)(2) expressly

---

4. We are mindful that the policy concerns regarding a standing trustee earning an adequate salary and the overall funding of the United States Trustee system are both important. However, our foremost responsibility remains the faithful interpretation of the statute in question. If our statutory construction is accurate, yet adversely affects the compensation of standing trustees, the proper recourse is with Congress, not the courts. *See Matter of Pianowski,* 92 B.R. 225, 232 (Bankr.W.D.Mich.1988); *In re Cannon,* 93 B.R. 746, 750 (Bankr.N.D.Fla.1988).

222

distinguishes between payments under a plan and the payment of a standing trustee's percentage fee: "Before or at the time of each payment to creditors under the plan, there shall be paid ... the percentage fee fixed for such standing trustee...."

The trustee and payment provisions of Chapter 13 draw a distinction between payments under a repayment plan and the payment of a standing trustee's percentage fee. We should not interpret 28 U.S.C. § 586(e)(2) in a way that ignores this statutory distinction. Appellee's interpretation does just that, however. Appellant's construction, on the other hand, is consistent with this distinction and, thus, is the one we adopt. Under 28 U.S.C. § 586(e)(2), a standing trustee can assess his percentage fee against only those "payments received by [him] under [Chapter 13] plans." Thus, we find that appellant is only liable to appellee for 10.00% of the amount received by appellee as standing trustee and meant for disbursement to appellant's creditors pursuant to his Chapter 13 repayment plan.

### CONCLUSION

In light of the foregoing, we reverse the ruling of the Bankruptcy Judge and remand for further proceedings in accordance with this decision.