**Marjorie PALMER, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 2:91–CV–12.**

United States District Court, D. Vermont.

July 31, 1992.

William R. Dysart, Vt. Senior Citizen Law Project, Burlington, for plaintiff.

Christopher B. Baril, Asst. U.S. Atty., Rutland, Vt., for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

On March 2, 1992, Magistrate Judge Jerome J. Niedermeier issued a Report and Recommendation ("MJRR") in this matter, recommending this court grant plaintiff's Motion for Summary Judgment and award plaintiff the relief requested. The defendant, Louis W. Sullivan, M.D., Secretary of Health and Human Services (the "Secretary"), objected to the MJRR. For the reasons that follow, this court adopts the MJRR's recommendation that the plaintiff receive benefits for the period of February 15, 1989 to February 28, 1989, since these benefits were wrongfully denied her on the basis of the Secretary's "first-of-the-month" ("FOM") resource determination

rule.[1] This court has appellate jurisdiction over the administration's final decision.

## BACKGROUND

The facts of this case are not in dispute. Plaintiff, Marjorie Palmer, was 69 years old when she first filed an application for Supplemental Security Income ("SSI") on December 29, 1988. The application was initially denied on the basis that plaintiff had excess resources. A reconsideration determination found plaintiff to be eligible as of May 1, 1989. Plaintiff filed a timely request for a hearing to appeal the May 1 eligibility date, Administrative Transcript at 80 (attached to Paper # 6), and a hearing was held on November 17, 1989. *Id.* at 15.

On March 20, 1990, Administrative Law Judge William J. Wilkin ("ALJ") issued a decision finding plaintiff to be eligible for benefits as of February 15, 1989. *Id.* at 9–11. This decision was based on plaintiff's February 15 conveyance of real property which had previously put her over the SSI monthly resource limit. *Id.* at 10.

On April 30, 1990, the ALJ issued an amended decision which changed the onset date of SSI eligibility from February 15 to March 1, 1989. *Id.* at 6–7. This amendment was based on 20 C.F.R. § 416.1207(a) which, together with 20 C.F.R. § 416.421(b) is commonly known as the FOM rule, and which provides that resource evaluations for determining SSI eligibility are to be made as of the first moment of the month. Under this rule, since plaintiff owned the real property at issue in this case on February 1, it was counted as a resource throughout the entire month of February, regardless of the fact that it was conveyed on February 15. Plaintiff was therefore deemed resource ineligible until March 1, 1989, *id.* at 6, because that date was the first moment of the month subsequent to the conveyance which left her below the resource minimum. In effect, this decision held that plaintiff was not entitled to bene-

---

**1.** The other claim addressed by the MJRR deals with the plaintiff's contention that the rule at issue in this case was not promulgated in accordance with the Administrative Procedure Act ("APA"). Magistrate Judge Niedermeier advised that the regulation was correctly promulgated under the APA. Plaintiff did not object to this recommendation and has thus apparently abandoned it.

fits for the period of February 15 through February 28, 1989. *Id.*

In plaintiff's appeal to this court, she challenges the Secretary's FOM rule, which appears to raise an issue of first impression anywhere. Plaintiff argues that the FOM mandate is in direct conflict with the statute it was designed to implement, 42 U.S.C. § 1382(c)(6). Plaintiff asserts that the statutory language entitles her to a prorated amount of SSI for the first month during which she met all the requirements.

## DISCUSSION

### I. *Review of the MJRR*

The Magistrate Judge has recommended that plaintiff's Motion for Summary Judgment be granted. This court reviews the objections to the MJRR *de novo.* 28 U.S.C. § 636(b)(1)(C). A judge of the court may "accept, reject, or modify, in whole or in part the findings made by a magistrate [judge]." *Id.*

### II. *Review of the Administrative Law Judge*

As discussed *supra,* the ALJ ultimately determined that, while plaintiff was denied certain benefits, she was ineligible for prorated benefits for the month during which she first met all eligibility requirements. The Magistrate Judge advised that the ALJ's final determination as to plaintiff's entitlement to benefits was contrary to law. The Secretary argues that it was error for the Magistrate Judge to decline to give deference to the Secretary's interpretation of the interplay between the regulations and the statute at issue because "there are no compelling indications that the use of the FOM criteria for resource determinations is inconsistent with the Act or contrary to congressional intent."

When reviewing an agency's action, the court shall—

... hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law ... [or]

(C) *in excess of statutory* jurisdiction, *authority,* or limitations, or short of statutory right....

5 U.S.C. § 706 (emphasis added). Before setting aside the agency's action in this case, this court must determine if the actions fall within the authority of the agency.

In this case, plaintiff seeks review of regulations issued to clarify and implement a particular statute. When reviewing an agency's construction of a statute it is charged with administering, the court must first ask "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Sullivan v. Everhart,* 494 U.S. 83, 89, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990) (quoting *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–843, 104 S.Ct. 2778, 2781–2782, 81 L.Ed.2d 694 (1984)). If congressional intent is unclear then "the question for the court is whether the agency's construction is 'rational and consistent with the statute,'" *Everhart,* 494 U.S. at 89, 110 S.Ct. at 964 (quoting *NLRB v. Food & Commercial Workers,* 484 U.S. 112, 123, 108 S.Ct. 413, 416, 98 L.Ed.2d 429 (1987)).

Determining whether Congress has clearly expressed legislative intent necessitates looking to the statutory language, the legislative history and the overall statutory scheme. Only after such a review can a court determine whether a regulation is consistent with the congressional intent of the statute which it is designed to implement. *FEC v. Democratic Senatorial Campaign Committee,* 454 U.S. 27, 31–32, 102 S.Ct. 38, 41–42, 70 L.Ed.2d 23 (1981) (citing *NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 275, 94 S.Ct. 1757, 1762, 40 L.Ed.2d 134 (1974); *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965)).

#### a. Statutory Language

The starting place in determining the intended meaning of a statutory provi-

sion is, of course, the language of the statute. *Berger v. Heckler*, 771 F.2d 1556, 1570 (2d Cir.1985) (citation omitted) (cited in *In re Edge*, 122 B.R. 219, 220 (D.Vt. 1990)). Title 42 U.S.C. § 1382(c) provides that the following individuals are eligible to receive assistance:

(1) An individual's eligibility for a benefit under this title for a month shall be determined on the basis of the individual's ... income, *resources,* and other relevant characteristics *in such month* ....

. . . .

(6) For purposes of this subsection, an application of an individual for benefits under this title shall be effective on the later of—

(A) the date such application is filed, or

(B) *the date such individual first becomes eligible* for such benefits with respect to such application.

(Emphasis added.) Eligibility requirements are set forth in a separate subsection which, in relevant part, provides:

(1) Each aged, blind, or disabled individual who does not have an eligible spouse and—

. . . .

(B) whose resources, other than resources excluded pursuant to section 1382b(a) of this title, are not more than (i) [amount specified in a subsequent section]....

42 U.S.C. § 1382(a). The language in subsections (a) and (c) does not require that a participant meet the financial minimum on the first of the month to be "eligible" for benefits based on that initial month. However, the language of each section does not in and of itself preclude the Secretary from establishing a FOM rule.

For purposes of establishing a time when the resource requirement must be met, the regulations at issue narrow the statutory language that requires minimum resources to be met "in such month" by providing:

The income limits must be met based on the entire month and the resource limit must be as of the *first day of the month.* 20 C.F.R. § 416.421(b) (Emphasis added).

If, during a month, a resource decreases in value ... the decrease in the value of the resources is counted as of the first moment of the next month.

20 C.F.R. § 416.1207(a). The regulations interpret the statutory language "in such month" to mean on "the first day of the month." In contrast to the MJRR's conclusion, then, based on the language alone, the regulations do not contradict the statute they were designed to implement.

b. Legislative History

The legislative history supports a finding that Congress did not seek to prevent payment of benefits to a recipient for an entire month simply because the individual was ineligible on the first day of the month. The reasoning behind the 1982 amendments to section 1382 demonstrates this point. Prior to the enactment of the 1982 SSI Amendments, the statute provided that, for the initial month, recipients would receive payments for the entire month if they met all requirements at any point during that month. Tax Equity & Fiscal Responsibility Act of 1982 ("TEFRA"), Pub.L. No. 97–248, 1982 U.S.C.C.A.N. 832. The result was the payment of benefits to individuals for the entire month even if they only became eligible on the last day of the month. Congress realized the overpayment situation it had created and sought to remedy the problem. "Since SSI is available only to the needy, the committee believes that benefits should not be provided for periods *prior* to the time the individual recognizes his need and requests assistance." *Id.* (emphasis added). Congress enacted 42 U.S.C. § 1382(c)(6) with its proration provision as the solution.

■ Later legislation and its history explain how Congress was dissatisfied with the regulations the Secretary promulgated to implement section 1382(c)(6). In discussion surrounding the Deficit Reduction Act of 1984 (the "DRA"), which has some probative value,[2] the conference criticized the

---

**2.** Although expressions of congressional intent made by subsequent Congresses are not accorded substantial weight, *see United States v. United*

*Mine Workers,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), they have some probative value when there is a relatively short time period

Department of Health and Human Services and stated that: "[I]t is the understanding of the conferees that the Department has implemented this provision in an overly literal fashion.... For example, the Department is treating certain income and resource rules as 'methodology' that must strictly follow SSI ... rules." The DRA further criticized the Department for taking the position that "SSI rules only allow eligibility from the first of the month." Deficit Reduction Act of 1984, Pub.L. No. 98–369, 1984 U.S.C.C.A.N. 2055.

Thus, the legislative history suggests that congressional intent of 42 U.S.C. § 1382(c)(6) was to reduce the initial payment to benefit recipients during their first month to the extent that aid would reflect actual need. The legislative history of both P.L. 97–248 and P.L. 98–369 suggest that subsections 1382(a) and 1382(c)(6) were not intended to prevent payment to a recipient for an entire month if that person happened to exceed the resource minimum on the first day of the month. Accordingly, the FOM rule contradicts the congressional intent which is set forth in the legislative history of the statute.

### c. Statutory Scheme/Policy

Finally, the regulations are inconsistent with the statutory scheme of 42 U.S.C. § 1382(c)(6). The SSI program is designed to meet basic subsistence needs of aged, blind, and disabled individuals. *Zambardino*, 668 F.2d 194, 197 (3d Cir.1981); *see also Gartmann v. Secretary of U.S. Dept. of Health & Human Servs.*, 633 F.Supp. 671, 679 (E.D.N.Y.1986) (remedial purpose of SSA is to be broadly construed in favor of providing aid to the needy). Although section 1382 establishes that "Congress' preeminent concern is maintaining the integrity of the SSI program rather than guaranteeing a minimum level of support ...," *Lyon v. Bowen*, 802 F.2d 794, 799 (5th Cir.1986), the *Lyon* court noted the need to strike a balance between these two interests. *Id.* Sections 416.421(b) and 416.1207(a) are unduly harsh and do not

give adequate weight to the interest of providing a minimum level of support to those persons the statute was designed to assist. Thus, refusal to pay recipients a prorated amount of benefits during their first month of eligibility has created an unnecessary hardship that contravenes the policy behind 42 U.S.C. § 1382(c)(6).

In summary, although the Secretary's regulations and rulings which attempt to implement SSI do not directly contradict the language of the statute, they do contravene the statutory intent. In light of the policy of the statute and as set forth in the legislative history, Congress expressly intended that, after an application has been filed, benefits shall be provided on a prorated basis as of the day (during that first month) on which participants meet all requirements, including the resource minimum. To the contrary, the Secretary's FOM rule prohibits recipients from receiving prorated benefits for the first month unless they meet the minimum resource requirement on the first day of the month. For that reason, the Secretary's approach to determining the date of eligibility for the initial month is contrary to the expressed intent of congress and thus it exceeds his statutory authority; *see also Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (regulation held invalid where it failed to comply with statutory standard and was thus outside Secretary's authority).

### CONCLUSION

The conclusion of the Magistrate Judge's Recommendation and Report that the regulations at issue conflict with the statute they were designed to implement is hereby ADOPTED as the order of this court.

between the time the statute at issue was enacted and the time the expressions were made. *See Zambardino v. Schweiker*, 668 F.2d 194, 198

n. 2 (3d Cir.1981). The subsection at issue was enacted in 1982 while the expressions were made by the following Congress in 1984.