**In re BDT FARMS, INC., Debtor.**

**Bankruptcy No. BK–88–07083–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

March 23, 1993.

---

Anthony L. Jackson, Oklahoma City, OK, for debtor.

Mark B. Toffoli, Oklahoma City, OK, for U.S. Trustee.

W. Rogers Abbott, John Myles, Oklahoma City, OK, for Chapter 12 Standing Trustee.

Jack M. Cornelius, Oklahoma City, OK, Chapter 12 Standing Trustee.

## ORDER ON MOTIONS FOR RECONSIDERATION

PAUL B. LINDSEY, Bankruptcy Judge.

### BACKGROUND

On February 16, 1993, this court entered its order herein, addressing certain issues raised by Debtor in its request for an order requiring the Chapter 12 standing Trustee (hereafter, "Trustee") to close this Chapter 12 case. The court also addressed in that order, *sua sponte,* the propriety of the collection by Trustee of a percentage fee on plan payments at "a rate equivalent to 11.111111% of plan payments."

Trustee and the United States Trustee (hereafter, "UST") timely filed motions to reconsider. Trustee urged the court to reconsider each of the issues decided in the order. UST urged reconsideration of only certain of the court's findings and conclusions. Supporting briefs were filed and debtor filed responses to the motions. A hearing was held before this court on March 17, 1993, at which movants and Debtor were represented by counsel. At the conclusion of the hearing, this court announced its reaffirmation of each of the decisions contained in its February 16 order and provided a detailed explanation on the record of the court's reasons for its decision.

Counsel for UST requested the court to formalize its decision on reconsideration in a written order, and although the court did not, and does not consider it necessary, it has consented to do so.[1]

In the February 16 order, the court made three separate determinations:

(1) That an increase of the percentage fee to be collected by Trustee made by order dated May 6, 1991, was effective only from and after the date of the order, and not retroactive to April 1, 1991, as it purported to be, and that the increased fee was not properly applied to any funds received on April 4, 1991, portions of which were not distributed by Trustee until September and November of that year.

(2) That Trustee was not entitled to a percentage fee on a payment made by Debtor directly to debtor's counsel pursuant to the plan in 1989.

(3) That the application of a percentage fee equivalent to 11.111111% on plan payments was in excess of the authority conferred by 28 U.S.C. § 586(e), and was therefore invalid and unenforceable.

### CONTENTIONS

UST does not contest or request reconsideration of this court's decisions on the retroactive application of the increased percentage fee or on the entitlement of Trustee to a percentage fee on the direct payment by Debtor. Trustee challenges each of the court's decisions.

UST asserts that the percentage fee to Trustee should be calculated as of the date the funds are disbursed to creditors by Trustee, rather than when they are received. Both UST and Trustee assert that

---

1. References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., unless the context requires otherwise.

the percentage fee interpretation found by this court to be invalid is in fact the correct interpretation. Both provide examples in support of their positions, which provide a somewhat better explanation of the basis for their positions than the court has previously been provided.

## DISCUSSION

### The Retroactive Fee Increase.

The court notes that the contentions of Trustee on this issue are simply a reiteration of those asserted earlier, which were addressed and rejected in the February 16 order.

Without repeating the analysis and discussion of this issue contained in the earlier order, which this court believes to be correct, the court notes that it did not, and does not, as Debtor urges it to do, base its determination on this issue on constitutional due process grounds. The decision was, and is, based on a lack of statutory authority, fairness to debtors, and a desire to avoid administrative chaos.

■ This court's determination is supported by Exhibit 3 to Trustee's motion and brief requesting reconsideration. That exhibit consists of a copy of a letter, dated May 15, 1991, from a bankruptcy analyst in the Wichita, Kansas headquarters office of the United States Trustee for this region, addressed to Trustee. The letter encloses a copy of the May 6, 1991 order increasing the percentage trustee's fee to 10%, effective April 1, 1991. The letter makes no mention whatever of the purported retroactive application of the increase. Instead, it provides that "all payments, in all cases, should include a 10% trustee fee starting immediately." Thus, the office to which Trustee is directly responsible directed Trustee to apply the increase prospectively, from a date more than six weeks after Debtor's April 1991 payments had been made to Trustee and, for the most part, disbursed by Trustee to creditors.

This court reaffirms its determination that the increased fee may not be applied retroactively to Debtor's April 1991 payments to Trustee.

### The Direct Payment by Debtor.

■ In neither brief nor argument on this issue has Trustee addressed, or even mentioned, 28 U.S.C. § 586(e)(2), which provides that the standing trustee under either Chapter 12 or 13, "shall collect such percentage fee from all payments *received by* such individual [the standing trustee] under plans...." [Emphasis supplied.]

While this court does not foreclose the possibility that direct payments by debtors, in some circumstances, might be subjected to percentage trustee fees, such could not be the case in the absence of good cause therefor, and of specific language to that effect in the plan. Here, no cause whatever is alleged or shown, and the plan provides no language which would either mandate, or even permit, the collection of a percentage fee by Trustee on Debtor's direct payment to its counsel.

The court reaffirms its determination that the direct payment by Debtor to its counsel, contemplated by the confirmed plan, is not subject to any percentage trustee fee.

### The UST Interpretation Regarding Computation of the Percentage Fee.

■ UST contends that this court has found that the percentage fee should be based upon funds disbursed rather than funds received by Trustee. Such is not the case. This court believes that the fee should be calculated based upon amounts *to be* disbursed by Trustee to creditors.

UST also contends that the calculation should be made only upon disbursement of the funds by Trustee. This court disagrees. Although it is anticipated that in the vast majority of instances, disbursement of funds to creditors will be contemporaneous with their receipt by Trustee, in some instances this may not be possible. In this case, absent the confusion over the percentage fee and the need to pay additional interest on one creditor's claim, all funds paid to Trustee by Debtor would have been disbursed to creditors within 24 hours of their receipt by Trustee.

The court is aware that UST procedures permit Trustee to *collect* the percentage

fee only upon disbursement of the funds. The fee should be *calculated*, however, when the funds are received, at the rate then in effect. It is this court's belief that this requirement will have little or no effect upon the future administration of Chapter 12 cases by Trustee, because of the prompt disbursement of plan payments by Trustee and because changes in the percentage fee, which are based upon review of annual Trustee budgets, are not expected to be mandated more often than annually in the future, absent extraordinary circumstances.

Movants rely upon *In re Weaver*, 118 B.R. 730 (Bankr.D.Neb.1990), and upon the unpublished *In re Estes*, No. 91–61209 (Bankr.E.D.Tex. May 20, 1992), as supporting their interpretation of the proper computation of the percentage fee. It is first noted that the *Weaver* memorandum opinion occupies less than one printed page, contains no discussion or analysis whatever, and is limited to the arithmetic computation urged by Movants here. *Weaver* apparently provided the basis for UST's original interpretation, as the decision was communicated to all offices of UST and incorporated in the Trustees' handbook of procedures immediately after it was issued.

*Weaver* and *Estes* both refer to, and base their decisions on only the word "payments", as used in 28 U.S.C. § 586(e). Neither refers to, or even acknowledges that the phrase employed in that provision is actually "payments under plans."

In this court's view, the better view is that contained in *In re Edge*, 122 B.R. 219 (D.Vt.1990). *Edge* was decided by the district court prior to *Weaver*, but was not published until later.[2] In *Edge*, the court reached the result reached by this court in its February 16 order. The *Edge* court made the following statement:

> While funds the standing trustee does *not* receive are *not* subject to the percentage fee, it does not necessarily follow that *all* funds he receives *are* sub-

ject to the fee as appellee contends. The statutory language used both before and after the 1986 amendment was addressed to payments "under plans." We find as a matter of law that funds paid to a standing trustee for purposes of paying the standing trustee's percentage fee are not payments under a Chapter 13 repayment plan. Thus, they are not subject to the standing trustee's percentage fee. [Footnote omitted.] *Edge*, at 221.

The *Edge* court continues, noting that the provisions of § 1326 suggest that only payments which are intended to be disbursed to creditors pursuant to a repayment plan are payments made "under" that plan, and that § 1326(b)(2) expressly distinguishes between payments under a plan and the payment of a standing trustee's percentage fee, as follows:

> Before or at the time of each payment to creditors under the plan, there shall be paid ... the percentage fee fixed for such standing trustee....

For purposes of this discussion, the provisions of § 1326 and § 1226 are identical.

This court is of the view that the discussion and decision of the *Edge* court represent by far the better reasoned and sounder of the decisions cited to or found by this court on this issue.

The provisions of § 1226 appear to contemplate two separate payments with respect to amounts to be disbursed to creditors. The first payment to Trustee would be the amount to be disbursed to one or more creditors under the plan. The second, before or at the time of the actual payment to creditors, would represent the percentage fee payable to Trustee with regard to the payment to creditors under the plan. Since the disbursement of payments under the plan to creditors is in most instances almost simultaneous with Trustee's receipt of the amount required to be so disbursed, it has been the practice to include both amounts in a single check. This practice,

**2.** *Edge, Weaver,* and *Estes* were all Chapter 13 cases. The provisions of 28 U.S.C. § 586(e) govern percentage fees to be collected by standing trustees under Chapters 12 and 13 alike, and these cases may be read to apply equally to a Chapter 12 case, such as the one before this court.

in this court's view, has given rise to the problem addressed herein.

Movants herein are of the view that the amount of that single check, including both the payment to be made to creditors "under the plan" and the percentage fee on that amount, represents the "payment" which is subject to the percentage fee.[3] Movants would divide the amount to be paid to creditors under the plan by 0.9, the result being the amount required to be paid by debtor to Trustee, including both the payment to creditors and the percentage fee. Under that procedure, the amount paid to the creditors would represent 90%, and the balance, Trustee's percentage fee, would represent 10%, of the total received by Trustee. The percentage fee, however, would represent 11.111111% of the amount paid to creditors under the plan.

In this court's view, the proper procedure is to multiply the amount to be paid to creditors under the plan by 1.1. This computation simply adds 10% to the amount to be paid to creditors under the plan. Debtor would pay the resulting amount to Trustee, representing both the payment to be made to creditors under the plan and the percentage fee thereon. The amount remaining after the payment to creditors under the plan would be the percentage fee, which would represent 10% of the payment to creditors. No percentage fee would be collected on the portion of the amount received which represented the percentage fee itself.

When the amount to be paid to creditors is not fixed, such as in the case of a disposable income payment, or where only a partial payment is received, the total amount received should be considered to include the amount to be paid to creditors under the plan plus 10% thereof as the percentage fee. In other words, the amount received should be divided by 1.1. The result would be the amount payable to creditors and the difference between the two figures would represent the percentage fee of 10% of that amount.

In that situation, movants presumably would multiply the amount received by 0.9, the result being the amount payable to creditors. The remainder would be retained as the percentage fee, again representing 10% of the total amount received, but 11.111111% of the amount paid to creditors under the plan.

As an example of the foregoing, if $5,000.00 is the required payment to creditors, movants' computation would require debtor to pay a total of $5,555.55 to Trustee ($5,000.00 ÷ 0.9) and would result in a 11.111111% percentage fee of $555.55 ($5,555.55 − $5,000.00). The correct computation would require a total payment of $5,500.00 ($5,000.00 × 1.1) and would yield the appropriate 10% percentage fee of $500.00 ($5,500.00 − $5,000.00).

If Trustee received a total of $5,500.00, from which an unspecified amount was to be paid to creditors under the plan, movants' computation would result in $4,950.00 being paid to creditors ($5,500.00 × 0.9) and $550.00, 11.111111% thereof, being retained as a percentage fee ($5,500.00 − $4,950.00). The correct computation would result in $5,000.00 being paid to creditors ($5,500.00 ÷ 1.1) and $500.00, the appropriate 10% percentage fee, being retained ($5,500.00 − $5,000.00).

This court's analysis finds support not only in *Edge*, but also in *In re Fulkrod*, 126 B.R. 584 (9th Cir. BAP 1991). In *Fulkrod*, the court determined that all payments to creditors who are impaired by a Chapter 12 plan must be made by the Chapter 12 standing trustee. The court also was required to determine which payments should be used to compute the trustee's fees. On this issue, the court made the following statements:

> It is plain that Congress intended for the Chapter 12 trustee to play a vital role in the administration of these cases. [Footnote omitted.] Congress also intended for those who reap the benefits of Chapter 12 to pay a substantial portion of the

**3.** Each of the examples given herein assumes a percentage fee under 28 U.S.C. § 586(e) of ten percent.

cost of administering the trustee's office. Which payments must be earmarked for that purpose turns upon an analysis of what constitutes a payment "under the plan."

We believe that Congress intended to use the term "under the plan" to mean those payments which result from the operation of Chapter 12 bankruptcy law. Those payments should be made by the trustee, and *the trustee's fee should be assessed against the funds received from the debtor for that purpose.* [Emphasis supplied.]

It appears clear that amounts received by Trustee from debtor which are attributable to percentage fees payable to Trustee should not be included in the computation of the percentage fee.

This court reaffirms its determination that the computation of the percentage fee under the interpretation urged by UST and by Trustee results in a fee which is beyond the statutory authority conferred by 28 U.S.C. § 586(e), and that as such, fees so computed are invalid and unenforceable.[4]

### POSTSCRIPT

Movants have asserted that to recompute percentage fees in all Chapter 12 cases since the advent of Chapter 12 would impose an insurmountable burden on Trustee. This assertion assumes retroactive application of this court's February 16 order, which has not been, and will not be ordered by this court. This court also rejects UST's assertion that its February 16 order "radically alters the standing trustee compensation scheme administered by the United States Trustee Program." It does no such thing. It simply restrains such compensation scheme within statutory bounds, and requires Trustees to collect no more than the percentage authorized under statutory authority.

Although the court has reaffirmed each of the decisions contained in the February 16 order, a comment made by the court therein has been challenged by UST and requires discussion. In that comment, the court opined as to the possible motivation for the interpretation which resulted in the percentage fee computation found to be improper in this case. Upon reflection, the court believes the comment to have been improvidently made. The court therefore expresses its regret for having made the comment.

IT IS SO ORDERED.

---

**4.** UST asserts that the *ultra vires* pretext used by this court to review the fee-setting authority would not have existed if the fee had been set at 9% or below. While that is true, the court notes that the computation of the fee as urged by UST and Trustee herein would be incorrect at any level. For example, even if the percentage fee were fixed at 4% under 28 U.S.C. § 586(e), the computation rejected by this court would yield a percentage fee of 4.444444%, an amount in excess of the percentage authorized.